**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kurt W. McDONALD, Defendant–**
**Appellant.**

No. 93–2873.

United States Court of Appeals,
Seventh Circuit.

Argued March 2, 1994.

Decided April 13, 1994.

Andrew B. Baker, Jr., Asst. U.S. Atty., Dyer, IN (argued), for plaintiff-appellee.

Thomas F. Grabb, South Bend, IN (argued), for defendant-appellant.

Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.

MANION, Circuit Judge.

Kurt McDonald pleaded guilty to aiding and abetting the counterfeiting of obligations of the United States. 18 U.S.C. §§ 471, 472. He was sentenced to eighteen months of imprisonment and three years of supervised release. He appeals the district court's refusal to reduce his offense level for acceptance of responsibility because he used cocaine while awaiting sentencing. He also challenges the court's finding that he was a minor participant in the offense. U.S.S.G. §§ 3E1.1, 3B1.2. We affirm.

## I. Facts

In April of 1990 Timmy Taylor established a counterfeit printing operation in his print shop in Elkhart, Indiana. Taylor and Jeffrey Easton procured equipment for the operation. Taylor later employed McDonald and allowed him to live in the apartment adjoining the print shop. McDonald eventually assisted the operation by cleaning up around the shop, loading and unloading supplies, and passing two counterfeit $100 bills. After Mc-

Donald passed the two $100 bills at a nightclub he refused to pass another because the police had come. In May of 1990 McDonald left Indiana and the printing operation. The counterfeiting operation was shut down by the authorities after they found counterfeit $100 bills, an offset printing press, plate maker, plates, negatives and other paraphernalia necessary for such an operation. A grand jury indicted McDonald, Taylor and Easton and a warrant was issued for McDonald's arrest.

In February of 1993 McDonald was arrested in Colorado for smoking marijuana. The police learned of the Indiana warrant, and McDonald admitted his involvement in passing counterfeit bills. While on pre-trial release, the court ordered McDonald to submit to urine testing. He failed to appear for the test on March 15th, June 18th, and June 22nd. On the day of the plea hearing and four additional times urine samples provided by McDonald tested positive for marijuana. One sample also tested positive for cocaine.

McDonald pleaded guilty to aiding and abetting the counterfeiting of obligations of the United States. His base offense level was calculated at 15 pursuant to § 2B5.1(b)(2). The district court declined to reduce McDonald's sentence by two levels under § 3E1.1 for acceptance of responsibility because McDonald's continued drug use showed that he had not withdrawn from criminal activity.[1] Additionally, despite arguments by McDonald and the government that he was entitled to a four-level reduction because he was a minimal participant in the offense, the court reduced McDonald's sentence only by two levels under § 3B1.2(b), finding he was a minor participant.

## II. Discussion

### A. Acceptance of Responsibility

■ A defendant's offense level may be reduced by two levels if "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a) (Nov. 1992). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, comment. (n. 5); see 18 U.S.C. § 3742(e); United States v. Tolson, 988 F.2d 1494, 1497 (7th Cir.1993). However, questions of law relating to a sentencing decision are reviewed de novo. United States v. Prevatte, 16 F.3d 767, 779 (7th Cir.1994).

■ The Guidelines provide that in determining whether a defendant qualifies for the reduction a court may properly consider if the defendant "truthfully admitt[ed] the conduct comprising the offense(s) of conviction ..." and consider whether the defendant voluntarily has terminated or withdrawn from criminal conduct or associations. U.S.S.G. § 3E1.1, comment. (n.1(a) and (b)). The Guidelines do not directly address whether unrelated criminal activity engaged in by the defendant between the information or indictment and trial or sentencing is a sufficient basis for the district court to deny a downward departure for acceptance of responsibility. In reviewing the language of the Guidelines and corresponding application notes, however, we conclude that a sentencing judge is not prohibited from considering a defendant's conduct, and specifically may consider criminal conduct or associations engaged in while a defendant is free on bond awaiting trial or sentencing.

■ Our cases in which the reduction was denied generally involve similar criminal conduct to the charged offense. In United States v. Jordan, 890 F.2d 968 (7th Cir.1989), the defendant pleaded guilty to possession with intent to distribute cocaine. While free on bond awaiting sentencing, the defendant used cocaine and engaged in drug trafficking. The district court found that he was not entitled to a two-level reduction for acceptance of responsibility. In affirming the district court's sentence, this court held that "[j]ust as it is difficult to credit Jordan with acceptance of responsibility in light of his continued drug dealing, it is also hard to see how his use of cocaine while awaiting sen-

---

1. The government had originally recommended a two-level reduction for acceptance of responsibil- ity but withdrew that recommendation due to McDonald's continued drug abuse.

tencing for dealing in that drug is consistent with acceptance of responsibility for that crime." *Id.* at 974.

Similarly, in *United States v. Panadero,* 7 F.3d 691 (7th Cir.1993), the defendant engaged in fraudulent transactions, and while released on bond engaged in bank fraud. The court held that the defendant did not qualify for the reduction because she continued to engage in criminal activity following her arrest. The court did not explicitly rely on the similarity of the crimes in upholding the district court's refusal to reduce her sentence under § 3E1.1. In *United States v. Franklin,* 902 F.2d 501, 506 (7th Cir.), *cert. denied,* 498 U.S. 906, 111 S.Ct. 274, 112 L.Ed.2d 229 (1990), the defendant pleaded guilty to distribution and possession of cocaine. While out on bond, he continued to deal cocaine and this court affirmed the district court's refusal to allow the two-level reduction for acceptance of responsibility.[2] 902 F.2d at 506 ("Mann's conduct while out on bond is opposite the type of conduct expected from someone who was truly remorseful about his crimes"); *see also United States v. Wivell,* 893 F.2d 156, 159 (8th Cir.1990) (the defendant pleaded guilty to attempted possession with intent to distribute cocaine and dealt cocaine after the indictment); *United States v. Cooper,* 912 F.2d 344, 346 (9th Cir.1990) (charged with bank fraud, defendant engaged in additional fraudulent activity while awaiting sentencing; court held that continued criminal conduct was evidence of lack of sincere remorse).

While this court has upheld the refusal to grant a reduction when the defendant engages in criminal activity that is the same or similar to the charges pending against him, no case in this circuit addresses the situation in which the intervening criminal activity is not the same or similar to the crime charged. Other circuits have spoken on this issue but are not in agreement. The First, Fifth, and Eleventh Circuits hold that a defendant is not entitled to a reduction if he or she has used a controlled substance while on release pending sentencing. The Sixth Circuit disagrees.

In *United States v. O'Neil,* 936 F.2d 599 (1st Cir.1991), the defendant pleaded guilty to charges of breaking into a post office and stealing mail. While on bail awaiting sentencing, the defendant used marijuana and broke into a building. The district court refused to reduce his sentence under § 3E1.1, specifically pointing to his use of marijuana. On appeal, the defendant argued that the court could not require him to accept responsibility for uncharged conduct. *Id.* at 599. The First Circuit held that the district court properly considered defendant's later conduct "for the light that conduct shed on the authenticity of appellant's claimed remorse" for the charged offense. *Id.* at 600.

In *United States v. Watkins,* 911 F.2d 983 (5th Cir.1990), the defendant pleaded guilty to possessing treasury checks stolen from the mail. While on release pending sentencing, the defendant used cocaine. The district court found that the defendant's statements concerning his guilt were sincere, but stated that his continued unlawful behavior was inconsistent with the acceptance of responsibility. The Fifth Circuit acknowledged that there was no direct basis for this interpretation in the Guidelines themselves, but commented that the Application Notes[3] are phrased in general terms and do not specify that the defendant need only refrain from criminal conduct associated with the offense of conviction in order to qualify for the reduction. *Id.* at 985; *see also United States v. Sanchez,* 893 F.2d 679, 681 (5th Cir.1990) (upholding refusal to reduce sentence when defendant charged with firearms violation attempted to acquire firearms and used controlled substance while on release).

---

2. This circuit has upheld a district court's enhancement of a sentence for obstruction of justice when the defendant denied that he had used drugs while on bail. *See United States v. Thompson,* 944 F.2d 1331, 1347 (7th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1177, 117 L.Ed.2d 422 (1992); *United States v. Delgado,* 936 F.2d 303, 307 (7th Cir.1991). However,

McDonald's truthfulness as to his drug use is not at issue in this case.

3. An appropriate consideration in determining whether a defendant qualifies for a reduction is his "voluntary termination or withdrawal from criminal conduct or association." U.S.S.G. § 3E1.1, comment. (n. 1(b)).

In *United States v. Scroggins,* 880 F.2d 1204 (11th Cir.1989), *cert. denied,* 494 U.S. 1083, 110 S.Ct. 1816, 108 L.Ed.2d 946 (1990), the defendant pleaded guilty to theft of funds from a self-service stamp vending machine. The defendant provided the authorities with information regarding other postal thefts, but the court declined to reduce his sentence under § 3E1.1 because he had continued to use cocaine after his arrest. The Eleventh Circuit held that the district court "acted well within its discretion in concluding that appellant's continuing use of cocaine cast doubt on the sincerity of his avowed acceptance of responsibility." *Id.* at 1216. The court noted that while a defendant's continued use of narcotics "does not preclude an adjustment for acceptance of responsibility, it is one indicia that the sentencing judge may consider in assessing whether the adjustment is appropriate." *Id.; see United States v. Davis,* 878 F.2d 1299, 1301 (11th Cir.) (continued drug use is inconsistent with acceptance of responsibility), *cert. denied,* 493 U.S. 941, 110 S.Ct. 341, 107 L.Ed.2d 330 (1989).

On the other hand, the Sixth Circuit has held that consideration of a defendant's post-indictment, pre-sentencing attempted theft charge and positive drug test was inappropriate when determining whether a defendant accepted responsibility for firearms violations. *United States v. Morrison,* 983 F.2d 730 (6th Cir.1993); *see United States v. Moored,* 997 F.2d 139, 145 (6th Cir.1993) (holding that a court may only inquire as to the acceptance of responsibility for the offense of conviction, not illegal conduct generally). The defendant in *Morrison* was indicted for the receipt and possession of a firearm by a felon. He was released on bond and subsequently arrested for attempting to steal a pick-up truck. The defendant was found in constructive possession of a firearm, and he tested positive for a controlled substance. The court held that the district court properly considered Morrison's possession of a firearm in determining whether he had accepted responsibility, but should not have considered conduct unrelated to the offense of conviction. In framing the issue on the unrelated criminal activity, the court noted:

Some might argue that a defendant can recognize and affirm acceptance of responsibility for certain criminal activity while engaging in other criminal activity. On the other hand, it might be argued that one who has truly accepted responsibility for a crime against society will not commit further crimes, period. The former view analyzes acceptance of responsibility on a case-by-case basis, while the latter view understands it to apply to the defendant's entire criminal disposition—either the defendant is no longer of a criminal disposition, or he still is.

*Id.* at 734. Noting that federal case law does not provide substantial support for either view, the court concluded that in cases allowing such consideration there is a nexus between the crime charged and the subsequent criminal activity, either directly or because of the similarity of the conduct. The court rationalized that an individual may be truly repentant for one crime yet commit other unrelated crimes. *Id.* at 735. Finally, the court noted that § 3E1.1 states that acceptance of responsibility is for the charged offense, not for illegal conduct generally.

One judge dissented, and reasoned that it "should be open to the sentencing court to conclude that defendants who fail to live within the law after arrest, and especially after they plead guilty or have agreed to plead guilty, have not accepted responsibility for their criminal actions." *Id.* at 736. Like the Fifth Circuit in *Watkins,* the dissent noted that Application Note 1(b) is broadly written ("voluntary termination or withdrawal from criminal conduct or associations"), and does not include the word "related" before the phrase "criminal conduct." The inclusion of "associations" in addition to "conduct" corroborates the broad interpretation. *Id.* As Application Note 3 suggests, while a truthful admission of guilt is significant evidence of acceptance of responsibility, "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n. 3). The dissenting judge noted that a murderer caught stealing gum could still receive a reduction, and the decision should rest with the district court. Finally, the dissent concluded that "nothing in § 3E1.1 makes unrelated criminal conduct

an impermissible consideration." *Morrison,* 983 F.2d at 736.

■ Application Note 1(b) provides that the acceptance of responsibility is evidenced by voluntary termination or withdrawal from criminal conduct or associations. As several courts have noted, the broad language of Note 1(b) indicates that the criminal conduct or associations referred to relate not only to the charged offense, but also to criminal conduct or associations generally. Such conduct reflects the defendant's lack of remorse and is inconsistent with an acceptance of responsibility. It is reasonable for a district court to find that continuing criminal conduct bears on the truth of defendant's statements on the charged offense. *See United States v. Piper,* 918 F.2d 839, 840 (9th Cir.1990). While a defendant's continued criminal activity does not preclude him from receiving a reduction for acceptance of responsibility, it is properly considered by a sentencing judge as it bears on the charged offense. Although a guilty plea before trial is significant evidence of acceptance of responsibility, it may be outweighed by conduct of the defendant that is inconsistent with such acceptance. U.S.S.G. § 3E1.1, comment. (n. 3). A district court may conclude that continued criminal activity, such as use of a controlled substance, is not consistent with acceptance of responsibility.

In this case, McDonald's repeated failure to submit urine samples and the positive test results for marijuana and cocaine reflect that the district court did not err in concluding that McDonald has not accepted responsibility for his crime. Although the other considerations listed in the Guidelines may favor a reduction, such as pleading guilty within 60 days of arraignment, a district court also may consider a defendant's use of drugs and failure to comply with the terms of his release on bond in determining whether a defendant should receive the two-level reduction for acceptance of responsibility.

*B. Mitigating Role*

■ McDonald next argues that he was entitled to a four-level reduction in offense level because of his minimal role in the offense, rather than the two-level reduction allowed by the district court for his minor role in the offense. U.S.S.G. § 3B1.2. Any determination under § 3B1.2 is heavily dependent upon the facts of the case, *United States v. Gunning,* 984 F.2d 1476, 1484 (7th Cir.1993), and a factual determination is reviewed for clear error. *United States v. Gutierrez,* 978 F.2d 1463, 1471 (7th Cir.1992); *United States v. Scroggins,* 939 F.2d 416, 423 (7th Cir.1991). A finding of fact is clearly erroneous only if after review of all the evidence the court "is left with the definite and firm conviction that a mistake has been made." *Gunning,* 984 F.2d at 1484 (citing *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985)). If two permissible views exist, the fact-finder's choice between them cannot be clearly erroneous. *Id.*

A defendant plays a minimal role in concerted activity if he is among the least culpable of those involved in the group. U.S.S.G. § 3B1.2, comment. (n. 1); *Gutierrez,* 978 F.2d at 1471. The adjustment for minimal participation "requires the court to focus on the defendant's role in the offense rather than unspecified conduct not part of the offense," *Gunning,* 984 F.2d at 1484, and this reduction should be given only "infrequently." U.S.S.G. § 3B1.2, comment. (n. 2). A defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as a minimal participant. U.S.S.G. § 3B1.2, comment. (n. 1). A minor participant, on the other hand, is one who is less culpable than most other participants, but whose role could not be described as minimal. U.S.S.G. § 3B1.2, comment. (n. 3).

■ The district court did not clearly err in finding that McDonald was a minor, rather than minimal, participant. In reducing McDonald's sentence two levels for minor participation, the district court found that McDonald was fully aware of each of the participants in the counterfeiting activity and assisted in each step of the process. Full knowledge of and participation in the operation could preclude a reduction for a mitigating role, but some assistance and an awareness of the criminal activity is consistent with minor participation. We agree with the dis-

trict court that while McDonald may not have been aware of the precise printing process, "one who helps manufacture and distribute LSD need not know the chemical process to be more than a minimal participant." Given that these findings are supported by the record and that a four-level reduction is to be used infrequently, it was not clear error to find that McDonald was not a minimal participant. McDonald was less culpable than most other participants, yet his involvement in the counterfeiting operation was more than minimal. *See United States v. Valencia*, 907 F.2d 671, 687 (7th Cir.1990) (extensive participation in acquiring equipment and construction of storage component indicates knowledge of the offense).

### III. Conclusion

We affirm the judgment of the district court. Although McDonald's use of cocaine while on pre-trial release is unrelated to the charge of counterfeiting, the district court may consider it in determining whether he is entitled to a sentence reduction for acceptance of responsibility. Further, the district court did not err in finding that McDonald was a minor participant rather than a minimal participant in the offense.