**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael DAWSON, also known as Michael W. Dawson, Defendant–Appellant.**

No. 94–3124.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 28, 1995.

Decided April 7, 1995.

Barbara Z. Brook, Asst. U.S. Atty. (argued), South Bend, IN, for plaintiff-appellee.

John S. Hosinski (argued), South Bend, IN, for defendant-appellant.

Before BAUER, COFFEY, and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

Michael Dawson pled guilty to possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to sixty months imprisonment. He appeals the district court's refusal to reduce his sentence for acceptance of responsibility. U.S.S.G. § 3E1.1. We affirm.

## I.

The Illinois State Police contacted the Indiana State Police in March, 1994, with information that they had intercepted a ship-ment of marijuana intended for delivery to Michael Dawson in South Bend, Indiana. The Indiana State Police arranged for a controlled delivery to Dawson on March 5, 1994. Dawson was arrested and then released on bond. One of the conditions of his release was that he refrain from any use or unlawful possession of a narcotic drug or other controlled substance and submit to random urine tests. During the period of his bond, two-thirds of Dawson's thirty urine drops tested positive for marijuana and/or cocaine. Although Dawson initially ceased use of controlled substances,[1] he faltered soon thereafter. Dawson maintained that he never used illegal substances, but the record reflects that all tests taken since May, 1994 were positive. The district court sentenced him on August 23, 1994.

Dawson pled guilty to the charge in April, 1994. At sentencing, the district court acknowledged Dawson's early plea, his cooperation with the authorities, and his payment of taxes on income he had earned illegally.[2] However, given Dawson's drug use while on bond, the district court declined to reduce his sentence for acceptance of responsibility. Dawson then appealed.

## II.

A district court may reduce a defendant's offense level by two levels if "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, comment n. 5; see 18 U.S.C. § 3742(e); *United States v. McDonald*, 22 F.3d 139, 141 (7th Cir.1994). Whether a defendant accepts responsibility under § 3E1.1 "is essentially a question of fact for the district court to resolve." *United*

---

1. Apparently Dawson discontinued his use of marijuana, a 20-year habit, and began to use cocaine.

2. Specifically, the district court stated, "In any street sense, you have accepted responsibility. You came forward—not before you were found out, but you did come forward immediately after that—you cooperated fully and you paid the taxes that were due on your imputed income." The district court also acknowledged the holding of *United States v. McDonald*, 22 F.3d 139 (7th Cir.1994), discussed below.

States v. Franklin, 902 F.2d 501, 505 (7th Cir.), cert. denied, 498 U.S. 906, 111 S.Ct. 274, 112 L.Ed.2d 229 (1990). We review factual findings only for clear error. Id.; United States v. Pitz, 2 F.3d 723, 732 (7th Cir.1993), cert. denied, — U.S. —, 114 S.Ct. 2141, 128 L.Ed.2d 869 (1994).

The sole issue on appeal is whether the district court erred in refusing to reduce Dawson's offense level for acceptance of responsibility. The plea agreement between the government and Dawson provided that the government would recommend a reduction for acceptance of responsibility pursuant to § 3E1.1 if Dawson refrained from engaging in criminal conduct and from using controlled substances. Specifically, the agreement stated:

> The government agrees that in recognition of the defendant's acceptance of responsibility for his conduct, he is entitled to the maximum reduction in the offense level permissible under Guideline § 3E1.1; however, the government's obligation to recommend acceptance of responsibility under this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility. Should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct such as the personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility. The defendant understands that the Court makes the final decision whether or not to award points for acceptance of responsibility.[3]

Because he tested positive for marijuana on many occasions after he signed the agreement, the government declined to recommend the reduction. Dawson claims that he is an addict and could not help using drugs. Further, he sought treatment for his addiction but was denied a recommended in-house treatment due to his impending incarceration. Dawson reasons that his addiction, coupled with his attempt to receive treatment, outweigh his drug use while on pre-trial release and thus entitle him to a reduction for acceptance of responsibility.

■ Two recent cases in this circuit are instructive here. First, in McDonald, we concluded that a sentencing court could consider a defendant's "use of drugs and failure to comply with the terms of his release on bond in determining whether a defendant should receive the two-level reduction for acceptance of responsibility." 22 F.3d at 144. While on pre-trial release awaiting sentencing for a counterfeiting charge, McDonald used drugs. This court reasoned that such behavior was inconsistent with an acceptance of responsibility. Id.

In United States v. Kirkland, 28 F.3d 49 (7th Cir.1994), the defendant, between arrest and sentencing, tested positive for marijuana on several occasions and failed to appear for testing at times "in contravention of the plea agreement and at odds with his claimed acceptance of responsibility." In affirming the denial of the reduction, we recognized the importance of Kirkland's failure to appear for two drug testing appointments. We stated:

> [T]his is not to say that a district judge must consider drug use or that drug use will always preclude a finding of an acceptance of responsibility. Although not the case today, we can envision situations in which, say, an addict genuinely accepts responsibility for his offense and drug use but because of his addiction will occasionally test positive for drug use. Under these circumstances, a sentencing judge might find the defendant sufficiently accepted responsibility to warrant the reduction under § 3E1.1.

Kirkland, 28 F.3d at 51 n. 2 (emphasis in original); United States v. Zimmer, 14 F.3d 286, 289 (6th Cir.1994) (defendant not entitled to acceptance of responsibility reduction

---

3. We note, however, that given the frequency of Dawson's testing, the positive results for marijuana may not be completely accurate. In chronic marijuana users, cannabinoids may be detected for three weeks or longer. See Taylor v. O'Grady, 669 F.Supp. 1422, 1431 (N.D.Ill.1987) (drug metabolites can remain in the urine long after the impairing effects of the drug have ceased); Ross A. Epstein, Urinalysis Testing in Correctional Facilities, 67 B.U.L.Rev. 475, 483 (1987) (THC metabolites may be present in urine up to five weeks after marijuana use); 254 JAMA 788–792 (1985) (reviewing Schwartz RH and Hawks RL, Laboratory Detection of Marijuana Use) (abstract available on Lexis, Medex file). Nonetheless, Dawson tested positive for cocaine, which does not remain in the system for such a length of time, on more than twelve occasions.

because he committed crime "related" to crime underlying guilty plea and violated bond condition (drug use), although closure of rehabilitation program could be mitigating, not enough to constitute clear error); *United States v. Harrington,* 947 F.2d 956, 962 (D.C.Cir.1991) (post-offense but pretrial drug rehabilitation effort may justify reduction for acceptance of responsibility); *cf. United States v. Kidd,* 12 F.3d 30 (4th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1629, 128 L.Ed.2d 352 (1994); *United States v. Gaither,* 1 F.3d 1040 (10th Cir.1993) (drug rehabilitation efforts are not grounds for downward departure but can be considered for acceptance of responsibility if drug use closely associated with criminal conduct).

As the *Kirkland* court envisioned, except for his drug use he alleges is caused by an addiction, the defendant here clearly demonstrated an acceptance of responsibility. The district court recognized the limitations of *Kirkland* and informed Dawson, "If you had one, two, three dirty urines in this case, given the extent of your cooperation, given the immediacy of your cooperation, given the payment of taxes, I would have no difficulty accepting [counsel's] argument ... but ... there were thirty urine tests ... two-thirds of them were positive." Dawson tested positive in roughly twenty of thirty tests, and the results were consistently positive three months after his release. This is more than "occasionally." Dawson's attempt to obtain treatment should be acknowledged and makes this a closer case, but it would not be an abuse of discretion to say that he has not accepted responsibility for the drug charge when he has so frequently continued his drug use in violation of the law, his plea agreement, and the terms of his release.

Despite his cooperation and his acknowledgement of the charged conduct, given Dawson's drug testing record, the district court did not clearly err in refusing to reduce Dawson's offense level for acceptance of responsibility. We affirm the sentence imposed by the district court.

AFFIRMED.