114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James CRNKOVICH, Defendant-Appellant.
 No. 96-3423.
 United States Court of Appeals, Seventh Circuit.
 Argued April 29, 1997.
Decided April 29, 1997.
 
 Before BAUER, EASTERBROOK and KANNE, Circuit Judges.
 
 Order
 
 1
 The judgment in this case was affirmed in open court. This order briefly records the reasons for this action.
 
 
 2
 James Crnkovich pleaded guilty to passing a forged Treasury check with intent to defraud, in violation of 18 U.S.C. § 510(a)(2). He sought by the plea to obtain a two-level reduction for acceptance of responsibility. During the proceedings, and while he was under oath, Crnkovich assured the judge that he was not a drug addict, and that indeed he never used drugs. The question and answer were material to the voluntariness of the plea and Crnkovich's ability to understand the consequences of his deeds. Crnkovich was released pending sentencing, with the usual conditions, including abstinence from unlawful drugs.
 
 
 3
 Routine testing during the interval between plea and sentencing revealed that Crnkovich regularly used cocaine. The district court, acting on this information, declined to reduce the offense level for acceptance of responsibility. The judge observed that the use of cocaine is a crime, and the commission of additional crimes between plea and sentencing shows that Crnkovich has not decided to go straight. His lawyer's argument at sentencing and on appeal is that Crnkovich is a cocaine addict, and succumbing to one's addiction should not be held against a defendant. United States v. Kirkland, 28 F.3d 49, 51 n. 2 (7th Cir.1994), leaves open, but does not endorse, this line of reasoning. See also United States v. Dawson, 52 F.3d 631 (7th Cir.1995); United States v. Boatner, 99 F.3d 831, 839 (7th Cir.1996).
 
 
 4
 The district judge found as a fact that Crnkovich is not an addict. That finding cannot be called clearly erroneous; indeed, it has the support of Crnkovich's own statements, under oath, when entering his plea of guilty. Statements made to a court are taken seriously, and a defendant can hardly expect a court of appeals to set aside, as clearly erroneous, a finding supported by his own assurances to the district court. Crnkovich should count himself lucky that the district judge did not add two levels for obstruction of justice, and that the prosecutor did not file new charges for perjury.
 
 
 5
 AFFIRMED.