**UNITED STATES of America,**

v.

**Sergio HERNANDEZ, Defendant.**

**No. 3:03 CR 11–1 AS.**

United States District Court,
N.D. Indiana,
South Bend Division.

Aug. 18, 2003.

H Jay Stevens, Federal Community Defenders Inc, South Bend, IN, Ray L Szarmach, Szarmach and Fernandez, Merrillville, IN, Bryan M Truitt, Bryan M Truitt, Valparaiso, IN, for defendant.

### *SENTENCING MEMORANDUM AND ORDER*

ALLEN SHARP, District Judge.

#### Procedural History

Defendant, **SERGIO HERNANDEZ**, was charged with violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Possession of a firearm as a felon,[1] in a two-count Indict-

---

1. Prior to the incident giving rise to these charges, Defendant had been convicted as follows: (1) Theft, Class D felony, in Lake County, Indiana, in 1999; and (2) Aggravated Unlawful Use of a Weapon, using the alias Rudy Rios, in Cook County, Illinois, in 2000.

ment returned by a federal grand jury in this District on January 15, 2003.[2] Defendant pled guilty to Count One of the Indictment in a "blind plea" (without the benefit of a plea bargain) on April 28, 2003. (After Defendant's arrest on January 23, 2003, he was released on a $20,000 unsecured bond with pretrial supervision and electric monitoring on January 28, 2003. On July 17, 2003, Defendant was detained for violating conditions of his bond.)

■ Because the offense occurred after November 1, 1987, the Sentencing Reform Act of 1984 and the United States Sentencing Commission Guidelines (Guidelines), as amended November 1, 2002 and April 30, 2003, apply to this sentencing, pursuant to *Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987). However, because the offense conduct took place before November 1, 2002, the effective date for the current Guidelines, a comparison has been made between the relevant Guidelines and this Court has determined that the current Guidelines, effective November 1, 2002 and April 30, 2003, produce the least onerous sentence and therefore will be used.

### Presentence Report

Defendant, defense counsel, and the Government have reviewed the presentence report, as has the Court. Defendant objects to one portion of the presentence report and that objection shall be addressed herein. All paragraphs of the pre-

sentence report not specifically addressed in this Memorandum are adopted by the Court as findings of fact and statements of reason for imposition of sentence in this case. There is no plea agreement to address.

### Offense Level And Criminal History Categorization

The Guideline for a violation of 18 U.S.C. § 922(g)(1) is found in U.S.S.G. § 2K2.1(6). The base offense level for this offense is fourteen (14).

According to the presentence report, Defendant pled guilty in a timely manner. Normally this would entitled Defendant to a two-level reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a). This reduction would have brought Defendant's total, adjusted offense level to twelve (12).

However, while on pretrial supervision, the presentence report indicates that Defendant failed to appear for drug testing three times during May, 2003. In addition, notwithstanding the electronic home monitoring to which Defendant had agreed,[3] Defendant left his home without the permission of pretrial services on May 5 and 12 and July 4 and 5, 2003. Pretrial services issued verbal warnings and placed Defendant on lock-down status, but Defendant continued to violate his bond conditions. In light of these violations, Magistrate Judge Rodovich issued a warrant for

---

Both convictions were punishable by a term of imprisonment exceeding one year.

**2.** On August 12, 2002, Defendant was a passenger in an automobile driven by Juan Flores. Defendant attempted to dispose of two firearms, a Browning .38 caliber semiautomatic pistol, serial number 613779, containing 6 rounds of ammunition, and a Smith and Wesson .38 caliber revolver, serial number BSA2037, loaded with five rounds of ammunition, by throwing these firearms out of a window of the car in which Defendant was a

passenger, while the driver attempted to flee from and evade capture by police officers in East Chicago, Indiana.

**3.** On January 31, 2003, Defendant signed a contract with Securior which provided that Defendant agreed to his responsibility for any damage beyond ordinary wear and tear sustained by the electronic monitoring equipment, and further agreeing that he would pay the costs of repairing or replacing the equipment if damage was sustained.

Defendant's arrest on July 17, 2003. Upon Defendant's arrest, Pretrial Services discovered that Defendant had tampered with and caused $750 worth of damage to the electronic monitoring equipment both on Defendant's person and in his home. The Government argues that the Guidelines and Seventh Circuit case law would support this Court's refusal to grant the two-level acceptance of responsibility reduction.

Defendant argues that he is entitled to the acceptance of responsibility reduction, despite his violations during pretrial release. Defendant points to the fact that he timely pled guilty to the charges. He also attempts to mitigate his indiscretions by pointing to the fact that, on the occasions when he left his home without the permission of Pretrial Services, he left a voice message stating where he was going. Defendant has not cited any case law or Guidelines provisions to support his argument that he remains entitled to the acceptance of responsibility reduction.

█ A timely guilty plea is not the trial judge's only consideration in exercising his discretion in determining whether to give an acceptance of responsibility reduction. The trial judge may also consider "whether the defendant voluntarily has terminated or withdrawn from criminal conduct of associations." *U.S. v. McDonald*, 22 F.3d 139, 141 (7th Cir.1994); *U.S. v. Dawson*, 52 F.3d 631 (7th Cir.1995); U.S.S.G. § 3E1.1, comment 1(b). *McDonald* provides that the sentencing court can consider any post-arrest conduct, whether related to the offense or not, when deciding whether to allow a reduction for acceptance of responsibility, "for such conduct reflects the defendant's lack of remorse and is inconsistent with acceptance of responsibility." *Id.*, 22 F.3d at 143–44. Defendant's continuing manifestation of acceptance of responsibility would include termination of both criminal conduct and non-criminal behavior inconsistent with an acceptance of responsibility. *See U.S. v. Kirkland*, 28 F.3d 49 (7th Cir.1994).

█ In this case, Defendant not only committed repeated violations of pretrial supervision (leaving home without permission and failing to appear for drug testing), but his damage of the electronic monitoring equipment was a criminal act in that he destroyed government-owned property. Defendant's destruction of this equipment is particularly disturbing because, as the Government correctly points out, this equipment was the Court's primary means of monitoring Defendant while on pretrial release. In this regard, and in light of this Court's discretion on this issue which is clearly-defined by the Guidelines and Seventh Circuit opinions, the Court finds that Defendant is not entitled to the two-level reduction for acceptance of responsibility, and none shall be applied. Defendant's offense level is fourteen (14).

### Criminal History

Defendant has eight (8) criminal history points which result in his criminal history category of IV. His convictions in 1999 and 2000[4] result in a total of four (4) criminal history points pursuant to U.S.S.G. § 4A1.1(a) and (c). In 2002, Defendant pled guilty to a charge or reckless conduct in Cook County, Illinois, for which Defendant receives one (1) criminal history point U.S.S.G. § 4A1.1(c). At the time of his arrest in this case, Defendant was on probation. In this regard, he receives two (2) criminal history points pursuant to U.S.S.G. § 4A1.1(d). This offense was committed less than two (2) years following Defendant's release from imprisonment in 2002. In this regard, he receives

---

4. Refer to footnote number 1, page 1, of this Opinion.

one (1) criminal history point pursuant to U.S.S.G. § 4A1.1(c).

### Sentence

With a total, adjusted offense level of fourteen (14) and a criminal history category of IV, the applicable Guideline range for imprisonment is 27 to 33 months. U.S.S.G. § 5A.0. According to 18 U.S.C. § 922(g)(1), Defendant could receive a maximum of ten (10) years' imprisonment for this offense. Defendant is subject to a maximum of three (3) years' supervised release pursuant to 18 U.S.C. § 3583(b)(2). Under the Guidelines, Defendant is subject to a minimum of two (2) and maximum of three (3) years' supervised release. U.S.S.G. § 5D1.1(b). Defendant is not eligible for probation for this offense. U.S.S.G. § 5B1.1(a). The maximum fine for this offense is $250,000.00. Under the Guidelines, Defendant is subject to a fine of $3,000.00 to $30,000.00. U.S.S.G. § 5E1.2(c)(3).

Defendant is sentenced to a term of twenty-seven (27) months of imprisonment, to be followed by three (3) years of supervised release. The conditions of supervised release shall include the fifteen (15) standard conditions as listed under U.S.S.G. § 5D1.3(c) and the additional conditions listed on page 20 of the pre-sentence report. The Court imposes no fine, however the Court must and does assess a special assessment fee of $100.00. 18 U.S.C. § 3013. This sentence shall commence immediately. The Court finds that this sentence sufficiently punishes Defendant for his criminal conduct and therefore satisfies the purposes of sentencing as set forth in 18 U.S.C. § 3553(a). Defendant is remanded to the custody of the U.S. Marshal.

The clerk shall prepare judgment. The clerk shall also provide a copy of this Sentencing Memorandum to the United States Probation Department for forwarding to the United States Sentencing Commission. As Defendant pled guilty without the benefit of a plea agreement, *Defendant is hereby notified that he has a right to appeal this sentence and must file a notice of appeal within ten days of this order.* **IT IS SO ORDERED.**