**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Matthew HIGGINS, Defendant– Appellant.**

**No. 03–2265.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 12, 2003.

Decided Jan. 16, 2004.

Stephen Ehlke, Rita M. Rumbelow, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

Keith J. Peterson, Superior, WI, for Defendant–Appellant.

Before BAUER, MANION, and ROVNER, Circuit Judges.

### ORDER

Matthew Higgins pleaded guilty to violating 18 U.S.C. § 924(a)(1)(A), making a false statement to a federal firearms licensee. Pursuant to a written plea agreement, Higgins was released with specific instructions outlining the conditions of his release. While awaiting sentencing, Higgins violated several release conditions including traveling outside of the Western District of Wisconsin without permission, not being available to take random drug tests as requested by pretrial services, and failing to notify the pretrial services office of a citation for driving while intoxicated (DWI). At sentencing both the United States and Higgins requested a downward adjustment under U.S.S.G. § 3E1.1 for acceptance of responsibility, but the probation officer disagreed and did not recommend the adjustment in the presentencing report.

The district court denied the adjustment because it stated that Higgins' actions were inconsistent with someone who had accepted responsibility. The district court decided that Higgins had not accepted responsibility because he did not report his DWI citation even upon direct questioning at the plea hearing as to whether he had complied with all of the conditions of his release, he had left the state without permission, and he had not been available for random drug screens, which were all inconsistent with his plea agreement. In the

agreement, Higgins had agreed that "if he engage[d] in any conduct between the date of this plea agreement and the sentencing hearing which is inconsistent with acceptance of responsibility," the United States could withdraw its recommendation. Even though the United States did not withdraw its recommendation, the district court in its discretion ultimately decided that Higgins had not accepted responsibility, stating "[T]his is perhaps one of the most egregious matters which has come to the Court's attention for complete failure to accept responsibility for one's actions and to continue to obey the law which is implicit in the acceptance of responsibility under Section 3E1." Higgins appeals.

We review a district court's acceptance of responsibility determination for clear error. *United States v. Hendricks,* 319 F.3d 993, 1009 (7th Cir.2003). The defendant must clearly demonstrate acceptance of responsibility by a preponderance of the evidence. *Id.* Entering a guilty plea before trial combined with truthfully admitting relevant conduct constitutes significant evidence of acceptance of responsibility, but this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. U.S.S.G. § 3E1.1, comment. (n.3); *United States v. McDonald,* 22 F.3d 139, 144 (7th Cir.1994). An appropriate consideration includes "voluntary termination or withdrawal from criminal conduct or associations." U.S.S.G. § 3E1.1, comment. (n.1(b)); *see McDonald,* 22 F.3d at 141. The determination of the sentencing judge is entitled to great deference on review because the judge is uniquely positioned to evaluate a defendant's acceptance of responsibility. U.S.S.G. § 3E1.1, comment. (n.5); *see United States v. Kirkland,* 28 F.3d 49, 51 (7th Cir.1994).

Higgins argues on appeal that the district court–in deciding whether to grant a

206

two-level adjustment for acceptance of responsibility–improperly focused its determination on his failure to comply with the conditions of his release rather than focusing on his acceptance of responsibility with regard to the crime charged–making a false statement to a federal firearms licensee. Higgins argues that although he violated the conditions of his release, the violations were not "criminal" or related to the crime charged, and therefore should not be considered by the district court.

To support his argument that the district court should have considered only criminal conduct, Higgins relies on *McDonald*. In *McDonald* we affirmed the district court's judgment refusing to grant a two-level reduction for acceptance of responsibility when the defendant failed to comply with the terms of his pretrial release, namely testing positive for drugs. *Id.* at 144. Higgins argues that his case is distinguishable because there is no established pattern of criminal activity such as drug use. However, Higgins fails to recognize that in *McDonald*, we held that "a district court may consider a defendant's use of drugs *and* failure to comply with the terms of his release on bond in determining whether a defendant should receive the two-level reduction for acceptance of responsibility." *Id.* (emphasis added). Higgins has not attempted to explain why the district court could not consider his "failure to comply with the terms of his release on bond" in denying the two-level adjustment.

*McDonald*, followed by our sister circuits, broadened the court's scope in holding that a sentencing court, in acceptance of responsibility cases, may consider not only similar criminal conduct to the charged offense, but also any conduct bearing on whether the defendant acted in a manner consistent with accepting responsibility. *See, e.g., id.; United States v.*

*Prince*, 204 F.3d 1021, 1023 (10th Cir. 2000); *United States v. Ceccarani*, 98 F.3d 126, 130 (3d Cir.1996); *United States v. Byrd*, 76 F.3d 194, 197 (8th Cir.1996). *But see United States v. Morrison*, 983 F.2d 730, 735 (6th Cir.1993) (holding that the court may consider only conduct related to the charged offense). In a case subsequent to *McDonald*, we held that a defendant must continue to manifest an acceptance of responsibility including the "termination of both criminal conduct and non-criminal behavior." *Kirkland*, 28 F.3d at 51. Although Higgins may not have engaged in "criminal" activities, the district court properly considered the violations of his release when deciding to deny the reduction for acceptance of responsibility. *See McDonald*, 22 F.3d at 144; *Kirkland*, 28 F.3d at 51. The district court, in its discretion, found the adjustment unjustified in light of Higgins' violations, including leaving the district without permission, not performing random drug tests, and failing to report a citation. The district court's consideration of these violations was proper, and its refusal to grant the two-level reduction does not amount to clear error.

AFFIRMED.