**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James BIGELOW, Defendant–Appellant.**

Nos. 03–2906, 03–2907.

United States Court of Appeals, Seventh Circuit.

Submitted May 25, 2004.

Decided May 26, 2004.

Stephen Ehlke, Madison, WI, for Plaintiff–Appellee.

James Bigelow, Rochester, MN, pro se.

Before BAUER, EASTERBROOK, and WILLIAMS, Circuit Judges.

### ORDER

■ James Bigelow pleaded guilty to distributing methamphetamine, 21 U.S.C. § 841(a)(1), and failing to appear for trial while on pre-trial release, 18 U.S.C. § 3146(a)(1), and was sentenced to consecutive terms of imprisonment of 78 and 21 months respectively. His appointed attorney filed a notice of appeal but now seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to find a non-frivolous issue for appeal. Bigelow was notified of counsel's motion, *see* Cir. R. 51(b), and has filed a response. We limit our review of the record to those potential issues identified in counsel's facially adequate brief, *see United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997), and in Bigelow's response. Because we conclude that all of those potential issues are frivolous, we grant counsel's motion to withdraw and dismiss Bigelow's appeal.

Bigelow was indicted for distributing methamphetamine after he twice sold the drug to a woman who was cooperating with the police. Bigelow was released subject to pre-trial supervision pending his trial on the drug charge, but failed to appear on the first day of his trial. He was arrested 10 days later in El Paso, Texas, as he attempted to re-enter the United States. He was then indicted for failing to appear for a judicial proceeding while on pre-trial release.

Bigelow subsequently pleaded guilty to both indictments without a plea agreement. The probation officer calculated in the presentence report (PSR) a combined base offense level of 28 and a criminal history category of III. After adding two levels for obstruction of justice under U.S.S.G. § 3C1.1, the probation officer recommended a sentencing range of 97 to 121 months. The district court adopted the PSR and sentenced Bigelow to 99 months' imprisonment.

■ Counsel first considers whether Bigelow could argue that his guilty plea was not knowing and voluntary because the district court failed to fully comply with Federal Rule of Criminal Procedure 11. But Bigelow has not indicated that he wants to withdraw his guilty plea, so counsel need not explore this potential argument. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002).

■ Counsel next considers whether Bigelow could challenge the district court's finding that he was responsible for 60 grams of methamphetamine. But Bigelow withdrew his objection to the PSR's drug quantity calculation after assuring the judge at sentencing that he had read the report and discussed it with counsel. Where a defendant knows the content of a presentence report and is aware he can object to a calculation in the report but affirmatively elects not to, he waives the right to challenge the calculation on appeal. *United States v. Staples*, 202 F.3d 992, 995 (7th Cir.2000). Waiver, unlike forfeiture, prohibits plain error review.

*See United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Thus, we agree with counsel that a challenge to the amount of methamphetamine attributed to Bigelow would be frivolous.

■ Counsel then generally considers whether Bigelow could argue that the district court should not have applied a two-level increase for obstruction of justice. *See* U.S.S.G. § 3C1.1. The district court assessed this increase because Bigelow failed to appear for a judicial proceeding—his trial. The application notes to § 3C1.1 specifically list "willfully failing to appear, as ordered, for a judicial proceeding" as conduct to which the obstruction of justice enhancement applies. U.S.S.G. § 3C1.1, cmt. n. 4(e); *United States v. Bolden,* 279 F.3d 498, 502 (7th Cir.2002). Thus we agree with counsel that any challenge to the district court's imposition of the enhancement for obstruction of justice would be frivolous.

■ Both counsel and Bigelow examine whether Bigelow could argue that the court improperly declined to grant him a two-level reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a). The court did not grant the reduction because Bigelow violated the terms of his pre-trial supervision by fleeing the country and using illegal drugs. Bigelow asserts that he accepted responsibility when he "readily returned from Mexico on his own accord," with the intention of turning himself over to authorities. In considering acceptance of responsibility, however, a sentencing court may, however, consider a defendant's drug use and failure to comply with the terms of his pre-trial release. *See* U.S.S.G. § 3E1.1, cmt. n.3; *United States v. McDonald,* 22 F.3d 139, 144 (7th Cir. 1994). Because Bigelow admitted to the probation officer that he violated the terms of his pre-trial release by using illegal drugs, we agree with counsel that any challenge to the district court's decision not to grant a reduction for acceptance of responsibility would be frivolous.

■ Both counsel and Bigelow next consider whether Bigelow could challenge the district court's refusal to depart downward from the guidelines based on an overrepresentation of his criminal history, *see* U.S.S.G. § 4A1.3(b), because the prior offenses were "relatively minor infractions." But we lack jurisdiction to review a district court's refusal to depart downward unless the district court was mistaken about its authority to depart. *See United States v. Aron,* 328 F.3d 938, 940 (7th Cir.2003). In Bigelow's case, nothing in the record indicates that the district court did not understand its authority to depart from the guidelines. At sentencing, the district judge acknowledged the argument put forward by Bigelow, but explained that he found "no basis demonstrated whatsoever for a reduction in the criminal history as suggested by the defendant." Counsel is correct that it would be frivolous to raise this issue on appeal.

■ Finally, Bigelow proposes challenging the district court's failure to grant a downward departure because of his substantial assistance in providing information to the government before sentencing. *See* U.S.S.G. § 5K1.1. The government, however, did not move the court to make such a departure, and our case law is clear that unless the government makes a motion for departure under § 5K1.1, a court may not depart under that section, *see United States v. Bosque,* 312 F.3d 313, 318 (7th Cir.2002), so any effort to press this issue on appeal would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.