**UNITED STATES OF AMERICA, Plaintiff–Appellee,**

v.

**Marlon L. WINSTON, Defendant–Appellant.**

No. 04–2327.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 10, 2004.*

Decided Dec. 10, 2004.

Michelle L. Jacobs, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Paul Barrett, Elkhorn, WI, for Defendant–Appellant.

Before POSNER, KANNE, and SYKES, Circuit Judges.

**ORDER**

Marlon Winston pleaded guilty to receiving child pornography in interstate commerce in violation of 18 U.S.C. § 2252(a)(2). As a condition of the plea agreement, the government agreed to recommend a three-point reduction in his offense level under U.S.S.G. § 3E1.1, provided that Winston exhibited "conduct consistent with the acceptance of responsibility." While he was free on bond and awaiting sentencing, however, Winston was arrested for possession with intent to deliver marijuana. He admitted to police, and to the probation officer who prepared his presentence investigation report, that he had attempted to sell marijuana. As a result, the officer recommended that Winston receive no adjustment for acceptance of responsibility. Winston objected to the recommendation, arguing that his drug activity was unrelated to the child pornography offense, and was only one factor for the court to consider. The district court did not give the reduction, and sentenced Winston to 37 months, the lowest sentence in the applicable guideline range. Winston appeals, and we affirm.

---

* We previously granted the motion to waive oral argument filed by appellant Winston.

Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(f).

Winston argues that the district court erred by declining to award acceptance points solely because he engaged in criminal activity after entering a guilty plea. He reasons that his involvement in "totally different" criminal activity did not detract from his acceptance of responsibility for receiving child pornography, and should have been just one factor considered by the district court. We review for clear error a district court's determination that a defendant is not entitled to a sentence reduction for acceptance of responsibility. *United States v. Hendricks*, 319 F.3d 993, 1009 (7th Cir.2003).

Winston's premise that his drug dealing while on bond should be viewed as wholly distinct from the crime for which he was being sentenced is foreclosed by our decision in *United States v. McDonald*, 22 F.3d 139 (7th Cir.1994). We held that in considering whether to reduce a defendant's offense level based on acceptance of responsibility, a district court may properly consider the defendant's continued engagement in criminal activity, even activity that is unrelated to the crime of conviction. *Id.* at 144. A district court may find that any criminal activity "reflects the defendant's lack of remorse and is inconsistent with an acceptance of responsibility." *Id.* Thus, the district court was within its discretion in considering Winston's drug activity.

Moreover, we are not persuaded by Winston's contention that the district court improperly declined to award points for acceptance of responsibility without giving due consideration to factors other than his criminal activity while awaiting sentencing. Winston essentially argues that the district court did not adequately justify its decision not to award acceptance points, but this argument ignores the well-established principle that it is the defendant's burden to demonstrate that he is entitled to the reduction. *United States v. McIntosh*, 198 F.3d 995, 999 (7th Cir.2000). Winston-tellingly-points to nothing in the sentencing record that would compel us to assume that the district court rested its decision on his drug activity alone. And although Winston lists factors that a sentencing court may consider under § 3E1.1, he does not explain how his behavior was consistent with any of the factors, except timely entry of a guilty plea. It appears, then, that Winston is arguing not that the district court improperly considered only one factor, but that it considered the *wrong* factor. Winston's guilty plea, though, does not automatically entitle him to a reduction for acceptance of responsibility. *Id.* Although pleading guilty before trial is significant evidence of acceptance of responsibility, other conduct may outweigh a guilty plea. *McDonald*, 22 F.3d at 144. We see no clear error in the district court's finding that Winston's drug dealing was precisely the type of conduct that is inconsistent with acceptance of responsibility. *See id.*; *United States v. Kirkland*, 28 F.3d 49, 51 (7th Cir.1994).

AFFIRMED.