UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 12, 2005
Decided August 3, 2005

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

Nos. 04-2429 & 04-2579

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeals from the United States District Court for the Eastern District of Wisconsin. |
| v. | No. 02 CR 144 |
| ANTHONY L. JONES and MICHAEL HUDSON, *Defendants-Appellants.* | Charles N. Clevert, Jr., *Judge.* |

## O R D E R

Anthony Jones and Michael Hudson pleaded guilty to involvement in a cocaine distribution conspiracy. In this consolidated appeal both appellants challenge the sentences imposed by the district court. Jones argues that the district court should have reduced his offense level by two levels for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. Hudson argues that his sentence violates *United States v. Booker,* 125 S. Ct. 738 (2005), in that the district court treated the Sentencing Guidelines as mandatory rather than advisory. We reject Jones's argument and order a limited remand in Hudson's case pursuant to the procedure established in *United States v. Paladino,* 401 F.3d 471, 483 (7th Cir. 2005), to determine whether the district court's *Booker* error affected his sentence.

Jones argues that the district judge should have credited him with a reduced offense level for acceptance of responsibility. Under the Sentencing Guidelines if a defendant clearly demonstrates acceptance of responsibility for his offense, he may be entitled to a reduction of two (or, in some cases, three) levels. *See* U.S.S.G. § 3E1.1. Jones entered his guilty pleas on January 29, 2004, and was allowed to remain on bond pending sentencing on May 6, 2004. In the interim, however, Jones was arrested and charged with reckless homicide for shooting and killing Robert Holt. Jones and Holt had been neighborhood adversaries for some time, owing to Holt's suspicion that Jones was cooperating with law enforcement; two months before the homicide, Holt had shot Jones in the arm after calling him a "snitch."

Given the homicide charge, the recommendation in the presentence report was that Jones should *not* receive a reduction in his offense level for acceptance of responsibility. However, the district court expressed some reluctance to factor the homicide into Jones's sentence because Jones had not yet been convicted of the charge and was asserting that the shooting was in self-defense. Instead, the court focused on the fact that Jones, who was a twice-convicted felon, had purchased and carried a firearm, which was a violation of the terms of his release bond and federal law. Jones's counsel argued that Jones had acquired the gun solely to protect himself from Holt, but the court rejected this argument: "Self defense, if that is indeed what your client is claiming, doesn't excuse your client from possessing a firearm as a convicted felon." In denying Jones's request for a two-point reduction for acceptance of responsibility, the court concluded: "I'm not going to say today that I will overlook what [Jones] did and in effect reward him by finding that he has accepted responsibility in this case wherein early on he was told he could not violate federal, state or local law."

We review a sentencing court's determination of acceptance of responsibility for clear error. *United States v. Messino,* 382 F.3d 704, 709 (7th Cir. 2004); *United States v. Beith*, 407 F.3d 881, 891 (7th Cir. 2005) (findings under the Sentencing Guidelines continue to be reviewed for clear error after *Booker*). Generally—though not always—a defendant's entry of a guilty plea prior to trial and truthful admission of the offense conduct "will constitute significant evidence of acceptance of responsibility." U.S.S.G. § 3E1.1, cmt. n.3. "However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." *Id.* Application Note 1(b) to § 3E1.1 specifies that an appropriate factor in the acceptance-of-responsibility determination is the defendant's "voluntary termination or withdrawal from criminal conduct or associations."

The question then is whether the district court properly found that Jones's illegal possession of a firearm was conduct inconsistent with acceptance of responsibility for his cocaine charge. Jones argues that his possession of a gun was essentially unrelated to his cocaine offense and therefore was not inconsistent with his acceptance of responsibility for the drug crime. That is, he argues that it is possible for a criminal defendant to accept responsibility for one crime even while committing others, as long

as the newly committed crimes do not reprise the original offense.

It is true that "[o]ur cases in which the [acceptance of responsibility] reduction was denied generally involve similar criminal conduct to the charged offense." *See United States v. McDonald,* 22 F.3d 139, 141 (7th Cir. 1994). But we have held that "the broad language of [Application] Note 1(b) indicates that the criminal conduct or associations referred to relate not only to the charged offense, but also to criminal conduct or associations generally." *Id.* at 144. Ongoing criminal conduct unrelated to the crime of conviction can indeed "reflect[] the defendant's lack of remorse and is inconsistent with an acceptance of responsibility." *Id.* The district court found that Jones's gun possession was inconsistent with acceptance of responsibility for his drug offense; although the two offenses are dissimilar, we find no clear error in the court's conclusion that the illegal possession of a gun was sufficiently serious to undermine Jones's claimed acceptance of responsibility for his involvement in the cocaine conspiracy.[1]

Hudson argues that the district court erred under *Booker* in treating the Sentencing Guidelines as mandatory. Because he did not make this objection at sentencing, our review is for plain error. The government concedes that a limited remand pursuant to the procedure established in *Paladino* is warranted so the district court may state whether Hudson's sentence would have been different had the court applied the Guidelines as advisory at the time of sentencing.

Accordingly, we AFFIRM Jones's conviction and sentence and order a limited REMAND of Hudson's sentence consistent with our opinion in *Paladino*; we will retain jurisdiction over Hudson's appeal pending the outcome of the remand.

---

[1] Jones has not raised an argument under *United States v. Booker*, 125 S. Ct. 738 (2005), and his counsel confirmed twice at oral argument that Jones is not requesting a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471, 483 (7th Cir. 2005).