UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 21, 2006
Decided April 12, 2006

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-3168

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Northern District of Illinois, Eastern Division |
| v. | |
| | No. 04 CR 377 |
| GARY SMALL, | |
| *Defendant-Appellant.* | John Darrah, *Judge.* |

**O R D E R**

Gary Small paid a large price for his relatively small role in connection with a Chicago Heights, Illinois, drug conspiracy. Small lied on the stand when he was called as a witness in the trial of his cousin, Troy Lawrence, and other codefendants, who were charged with running a drug conspiracy within 1,000 feet of an elementary school. This false testimony precipitated Small's indictment for perjury and obstruction of justice. Small subsequently pled guilty. In this appeal, he lodges several challenges to his sentence. We find none of them meritorious.

Small's problems began when he was called by Lawrence to testify about a gun found in Lawrence's home in Hammond, Indiana, and another gun found in the car of Lawrence's girlfriend and codefendant, Stacia Smith. As part of its case, the government had to prove that Lawrence and Smith possessed the guns in furtherance of the drug conspiracy. Regarding the first gun, Small claimed he left it

at Lawrence's house because he didn't want to get pulled over with it while driving. In reality, Small provided the gun to Lawrence at Lawrence's request after Lawrence was injured in a shooting. Regarding the second gun, Small testified that he took Smith's car to have it washed, left the gun in the trunk, and forgot to tell her about it. This story, too, was a fabrication. In truth, the gun made its way into Smith's car at some point after Small provided it to Lawrence, again at Lawrence's request.

After pleading guilty under an agreement with the government, Small received concurrent sentences of 60 months for perjury and 108 months for obstruction. The sentencing guidelines for both of those offenses cross-reference the guideline for the crime of being an accessory after the fact. The underlying offense for which Small became an accessory was possession and distribution of controlled substances within 1,000 feet of an elementary school.

In this appeal, Small claims that the district court (Judge John W. Darrah) identified the wrong underlying offense; erroneously rejected Small's argument that he was unaware of the scope of the drug conspiracy; erroneously applied the sentencing guidelines as mandatory; and erred in denying him a sentence reduction for acceptance of responsibility. In the wake of Booker v. United States, 543 U.S. 220 (2005), which made application of the guidelines advisory rather than mandatory, we continue to review a district court's application of the guidelines de novo and its factual findings for clear error. United States v. Bothun, 424 F.3d 582, 586 (7th Cir. 2005). Denial of a sentence reduction for acceptance of responsibility is reviewed for clear error. Id.

Small does not dispute that the guidelines for perjury, § 2J1.3, and for obstruction of justice, § 2J1.2, both cross-reference the guideline for accessory after the fact, § 2X3.1. Nor does he dispute that § 2X3.1 in turn requires a court to determine the underlying offense to which the defendant was an accessory. On Small's reading, however, § 2X3.1 defines "underlying offense" as, in the words of his brief, the offense "in which the defendant is actually convicted." The only offenses for which Small was actually convicted were perjury and obstruction of justice. Ergo, Small believes, the court erred in using the drug conspiracy as the underlying offense.

Small misreads the application note for § 2X3.1, and his reasoning fails for obvious reasons. Spinning out his logic to its reductio ad absurdum, the underlying offenses in which Small was an accessory after the fact--that is, the offenses for which he was actually convicted--were his own perjury and obstruction of justice. But one obviously cannot be an accessory after the fact to one's own crimes. The guidelines say plainly that "'underlying offense' means the offense as to which the

defendant is convicted <u>of being an accessory</u>."  U.S. Sentencing Guidelines Manual § 2X3.1 App. Note 1 (emphasis added).  Because Small's perjury and obstruction of justice made him an accessory to the drug conspiracy about which he falsely testified, the district court properly identified that conspiracy as the underlying offense.

Small next argues that Judge Darrah improperly calculated his offense level under § 2X3.1.  In determining the appropriate base offense level, the district court took into account the type and quantity of drugs involved in the conspiracy.  Small believes that his sentence should not reflect these factors because he was not aware of them.  But we have previously rejected this same argument.  When the underlying offense is drug-related, the quantity of drugs is not a specific offense characteristic about which the court inquires whether the accessory knew or should have known; rather, it is a factor used to determine the base offense level.  <u>See</u> <u>United States v. Girardi</u>, 62 F.3d 943, 946 (7th Cir. 1995); U.S.S.G. § 2X3.1 App. Note 1.  As we have previously explained, "Neither Application Note 1 nor § 2X3.1 require[s] that an accessory 'know' or 'reasonably know' of the factors used to calculate the base offense level, such as the quantity of drugs involved in the offense."  <u>Girardi</u>, 62 F.3d at 946.

Small believes that, post-<u>Booker</u>, the government was required to prove to a jury all the facts that were used to enhance his sentence and that <u>Booker</u> calls into question our holding in <u>Girardi</u>.  Both points are incorrect because, as we have explained, no Sixth Amendment violation is implicated by a court's own fact-finding during sentencing as long as the court treats the guidelines as advisory.  <u>See</u> <u>United States v. Bryant</u>, 420 F.3d 652, 656 (7th Cir. 2005) ("By treating the guidelines as advisory, the judge necessarily sidestepped the constitutional infirmity identified in <u>Booker</u>--judicial factfinding coupled with mandatory application of the guidelines.").

Contrary to Small's claim on appeal, it is clear to us that Judge Darrah was aware of <u>Booker</u> and that he did not erroneously apply the guidelines as mandatory.  Small was sentenced 6 months after the Supreme Court decided <u>Booker</u>.  Given that decision's immediate and well-publicized impact on the day-to-day work of federal judges, it is absurd to suggest the judge here was somehow unaware of it.  Indeed, various presentencing filings by Small and the government noted the guidelines' advisory nature.  Small seizes on one word in Judge Darrah's sentencing order, where he noted that the guidelines for both perjury and obstruction "directed" him to the guideline for accessory after the fact.  Small interprets the word "directed" to mean the judge was applying the guidelines as mandatory.  That's not a logical conclusion:  Judge Darrah was simply explaining how one part of the guidelines cross-referenced another part.

Finally, Small objects that Judge Darrah denied him a sentence reduction for acceptance of responsibility. We have explained that, while a defendant's guilty plea before trial indicates acceptance of responsibility, it can be outweighed by other conduct that is inconsistent with acceptance. United States v. McDonald, 22 F.3d 139, 144 (7th Cir. 1994). For example, a district court "may conclude that continued criminal activity, such as use of a controlled substance, is not consistent with acceptance of responsibility." Id. On the day he was released on bond after his arraignment, Small was arrested for possession of crack cocaine and for driving on a suspended license. Shortly after he pled guilty to the perjury and obstruction charges, Small tested positive for cocaine. Considering these developments, the judge did not clearly err in determining that Small failed to qualify for an acceptance of responsibility reduction.

For these reasons, the judgment of the district court is AFFIRMED.