**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.                                                              No. 99-3081

BRIAN C. PRINCE,

Defendant-Appellant.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 98-CR-20005)**

---

Submitted on the briefs:

Jackie N. Williams, United States Attorney and Leon Patton, Assistant U.S. Attorney, Kansas City, Kansas, for Plaintiffs-Appellees.

Michael G. Katz, Federal Public Defender, James P. Moran, Assistant Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

---

Before **EBEL**, **KELLY**, and **BRISCOE**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

Defendant was indicted on one count of bank robbery in violation of 18 U.S.C. § 2113(a). He entered into a plea agreement with the United States, agreeing to plead guilty to the offense. In exchange, the government agreed that it would not oppose a three-level reduction in the applicable offense level under the United States Sentencing Guidelines (guidelines) for acceptance of responsibility and that it would not take any position on the sentence to be imposed within the applicable guideline range. The district court declined to apply the three-level reduction for acceptance of responsibility. Defendant now appeals his sentence, arguing that the government breached the plea agreement and that the district court erred in not crediting him with a reduction in his offense level for acceptance of responsibility.[1]

We review *de novo* defendant's assertion that the government violated the plea agreement. *See United States v. Cooper*, 70 F.3d 563, 565 (10th Cir. 1995). The district court's denial of the adjustment for acceptance of responsibility is entitled to great deference and will not be disturbed unless it is without foundation. *See United States v. Amos*, 984 F.2d 1067, 1071-72 (10th Cir. 1993). Application of the guidelines to the facts is a question of fact that we review for

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

clear error. *See id.* at 1072. However, "[p]ure questions of interpretation of the sentencing guidelines, which are closely analogous to questions of statutory interpretation, are questions of law," which we review *de novo*. *Id.* Guided by these standards, we affirm.

While defendant was in custody awaiting sentencing, the government received FBI reports indicating that defendant stabbed another prisoner. The government passed the reports on to the probation department, and the probation officer included the information in his presentence investigation report. The probation officer recommended in the report that defendant not receive the reduction for acceptance of responsibility because defendant's actions were inconsistent with a "voluntary termination or withdrawal from criminal conduct." USSG § 3E1.1, comment (n.1(b)).

Defendant first argues that the government violated the plea agreement by providing the probation department with the FBI reports of defendant's criminal conduct that occurred while he awaited sentencing. The government agreed not to oppose a reduction in offense level for acceptance of responsibility. The presentence investigation report prepared by the probation department reflected the government's lack of opposition to the reduction, and the government did not actively oppose, or otherwise comment on, the reduction at the sentencing hearing. *Cf. United States v. Hawley*, 93 F.3d 682, 692-93 (10th Cir. 1996)

(holding that government accomplished through indirect means what it promised not to do directly when prosecutor qualified its lack of opposition through comments at sentencing).

The plea agreement must be construed according to what defendant reasonably understood at the time he made the agreement. *See United States v. Jimenez*, 928 F.2d 356, 363 (10th Cir. 1991) (government may inform the court of relevant conduct occurring subsequent to the plea agreement without violating plea agreement provisions concerning a sentencing recommendation). The agreement cannot be reasonably interpreted as prohibiting the government from informing the sentencing court of conduct relevant to sentencing. "In fact, the prosecutor has an ethical duty to disclose such information which, in this case, postdated the parties' plea agreement." *Id.*; *see also United States v. Hand*, 913 F.2d 854, 856 & n.3 (10th Cir. 1990) (contrasting cases where prosecutor argued opposite position of that agreed upon in plea agreement and holding that prosecutor's cross-examination was not breach of plea agreement, but rather fulfilled prosecutor's responsibility to inform the court "so that its decision would not be tainted by incomplete and inaccurate information"). It is not a reasonable interpretation of the plea agreement to "require the judge to sentence in the dark." *Jimenez*, 928 F.2d at 363 (further quotation omitted). The government did not

violate the plea agreement by supplying the probation department with the reports of defendant's post-plea agreement criminal conduct. *See id.* at 363-64.

Defendant also argues that the district court erred in denying the acceptance of responsibility reduction based on the reports that he stabbed a fellow prisoner because that criminal activity was unrelated to the criminal conduct for which he was convicted. The guidelines state that voluntary withdrawal from criminal conduct is a relevant consideration in deciding whether to grant a reduction for acceptance of responsibility. *See* USSG § 3E1.1, comment (n.1(b)). The guidelines do not, however, qualify that factor to permit consideration of only criminal conduct related to or of the same nature as the offense of conviction.

The majority of circuit courts that have addressed the issue have held that, in deciding whether to grant a reduction for acceptance of responsibility pursuant to § 3E1.1, a sentencing court is entitled to consider whether a defendant has voluntarily withdrawn from criminal conduct, regardless of whether the conduct is similar or related to the criminal conduct for which a defendant was convicted. *See United States v. O'Neil*, 936 F.2d 599, 600-01 (1st Cir. 1991); *United States v. Ceccarini*, 98 F.3d 126, 130-31 (3d Cir. 1996); *United States v. Watkins*, 911 F.2d 983, 984-85 (5th Cir. 1990); *United States v. McDonald*, 22 F.3d 139, 144 (7th Cir. 1994); *United States v. Byrd*, 76 F.3d 194, 197 (8th Cir. 1996); *United States v. Pace*, 17 F.3d 341, 343 (11th Cir. 1994); *but see United States v.*

*Morrison*, 983 F.2d 730, 735 (6th Cir. 1993). We join the majority of circuits and hold that the guidelines do not prohibit a sentencing court from considering, in its discretion, criminal conduct unrelated to the offense of conviction in determining whether a defendant qualifies for an adjustment for acceptance of responsibility under § 3E1.1. Consequently, the district court's denial of an adjustment for acceptance of responsibility based on reports of defendant's criminal conduct in prison while awaiting sentencing was not legal error.

Finally, defendant has the burden to show he is entitled to an adjustment for acceptance of responsibility. *See Amos*, 984 F.2d at 1073. We agree with the district court that defendant did not meet his burden. Defendant objected to inclusion in the presentence investigation report of the information contained in the FBI reports on the basis that he had not been "charged or found guilty of the unlawful conduct alleged by the report." R. Vol. I, Tab 50 at 1. Defendant did not, however, dispute or offer any evidence against the fact or accuracy of the witness accounts. The district court's decision not to grant the adjustment because defendant had not met his burden was not clear error.

The judgment of the district court is AFFIRMED.