**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 14 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DANNY LYNN MCGHEE,

Defendant-Appellant.

No. 99-7149
(D.C. No. 99-CV-12-B)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **KELLY** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant appeals the district court's denial of his application for a

certificate of appealability to proceed with his appeal from the district court's

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

denial of his motion made pursuant to 28 U.S.C. § 2255. By order of September 7, 2000, we directed the government to respond to defendant's claim that he was denied effective assistance of counsel in connection with his guilty plea to two counts of using a communication facility to facilitate the conversion of a drug trafficking crime in violation of 21 U.S.C. § 843(b). Specifically, defendant claims his attorney was ineffective for failing to object to the presentence report. The government filed a response, and defendant has submitted a rebuttal.

The district court dismissed the § 2255 application on the procedural ground that pursuant to the terms of the plea agreement, defendant had waived his right to appeal the sentence, see R. Vol. I, tab 20 at 2, as stated at the plea hearing, "on any ground, except to challenge an upward departure from the applicable guideline range." See R. Vol. I, tab 17, ex. 2 at 5-6. Defendant also waived his rights under 18 U.S.C. § 3742 (providing for review of a sentence) to file "any post-conviction proceedings and any habeas corpus proceedings." See id. at 6.

Defendant contends he has the right to appeal because the plea agreement was not knowingly or voluntarily entered into.[1] This alleged involuntariness is in

---

[1] Generally, language in a proper plea agreement waiving a defendant's right to appeal is enforceable and would require dismissal of the appeal. See United

(continued...)

turn predicated on defendant's understanding, pursuant to the terms of the plea agreement language, that he would in fact be able to object to the presentence report. See R. Vol. I, tab 2 (attachment to motion) (providing method for defendant to communicate any objections "to material information, base offense level, criminal history, sentencing guideline ranges and policy statements contained in or omitted from the report"). In addition, defendant refers us to his attorney's motion to withdraw from representation in his direct criminal appeal, our No. 97-7023, wherein counsel stated that as part of the plea agreement, counsel had "agreed to forgo any objections to the defendant's Pre-Sentence Report," claiming that the government had said "that all plea negotiations would be off if Mr. McGhee objected to the Pre-Sentence Report." See Appellant's Br. ex. D ¶ 1.

In its response, the government accepts this statement. Appellee's Response at 3. For purposes of this appeal, we accept defendant's argument that he did not waive the right to have effective counsel at sentencing. We review the

---

[1](...continued)
States v. Rubio, ___ F.3d ___, No. 99-8101, 2000 WL 1629986 (10th Cir. Oct. 31, 2000). However, the defendant must enter into the plea agreement knowingly and voluntarily. See id. In addition, we have held that a waiver may not be used "to deny review of a claim that the agreement was entered into with ineffective assistance of counsel." United States v. Black, 201 F.3d 1296, 1301 (10th Cir. 2000). Under these circumstances, we will consider defendant's claim.

question of effective assistance of counsel de novo. See United States v. Prows, 118 F.3d 686, 691 (10th Cir. 1997).

Our review of the plea hearing transcript persuades us that defendant was fully informed of and clearly understood that his maximum exposure under the plea agreement was up to eight years' imprisonment, see Appellee's Response, ex. 1 at 9, and that each count carried a maximum four-year term. See id. at 8. The magistrate judge explained that there would be no further court proceedings if defendant pleaded guilty and that he could be sentenced "up to the maximum sentence that we have discussed earlier today." Id. at 15. Defendant also understood that he was waiving his appeal rights "either by way of direct appeal or some 2855 [sic] or collateral proceedings." See id. at 24. The court repeated (for a third time) the maximum penalties defendant could face to be sure defendant understood the consequences of his plea, see id. at 26, and, once again, advised defendant that he could not appeal the sentence on any ground other than "an upward departure from the guideline range." Id. at 30. The court further informed defendant that based on available information, an upward departure could only be a sentence beyond the eight-year maximum, even though (as explained by the probation or pretrial services officer) it was anticipated that the "top of the guideline sentencing range will actually exceed eight years." Id. at 31. Defendant's attorney also explained, with defendant's expressly stated

understanding, that defendant needed "to expect to get eight years," "to count on getting the full four on each" count, and that defendant understood he was not going to try and attack the sentences to "get way down below the guidelines to two or three years or something like that." Id. at 32.

"The plea agreement must be construed according to what defendant reasonably understood at the time he made the agreement." United States v. Prince, 204 F.3d 1021, 1023 (10th Cir.) (citing United States v. Jimenez, 928 F.2d 356, 363 (10th Cir. 1991)), cert. denied, 120 S. Ct. 1989 (2000). Here, as outlined above, it is evident from the colloquy among the court, defendant and counsel that defendant understood exactly what the terms of the plea agreement were. Nor is there any question that he received exactly the sentence explained during the plea hearing.

Nonetheless, defendant claims his counsel was ineffective for failing to object to the presentence report. In order to establish ineffective assistance of counsel, he must establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency. See Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel provided effective assistance. See id. at 689.

Even accepting counsel's alleged error in failing to object to the presentence report as true, however, defendant cannot make the required showing

of prejudice.  See Fox v. Ward , 200 F.3d 1286, 1295 (10th Cir.) ("An ineffective assistance claim may be resolved on either performance or prejudice grounds alone."), cert. denied, ___ S. Ct. ___, 2000 WL 1281480 (U.S. Oct. 10, 2000) (No. 00-5995).  Defendant has failed to show that any alleged omission by counsel was prejudicial or would have affected the outcome of the sentencing in any way.  Plaintiff knew exactly the sentence he would receive and could have had no expectation of a lesser one.

We agree with the district court that defendant has failed to make a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), required to obtain a certificate of appealability.

Accordingly, we DENY the request for a certificate of appealability and DISMISS the appeal.

Entered for the Court

Robert H. Henry
Circuit Judge