**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                              No. 03-4642

PAUL EUGENE ADKINS,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, District Judge.
(CR-02-253)

Submitted: February 27, 2004

Decided: March 29, 2004

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Mary Lou Newberger, Federal Public Defender, George H. Lancaster, Jr., Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey K. Warner, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

### OPINION

PER CURIAM:

Paul Eugene Adkins pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a term of thirty-seven months imprisonment. He appeals his sentence, asserting that the district court clearly erred in finding that he possessed the firearm in connection with the felony offense of obstruction of justice, *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(5) (2002), and in denying him an adjustment for acceptance of responsibility based on his drug use while on pre-trial release, USSG § 3E1.1. We affirm.

In June 2002, Adkins' wife, Barbara, reported to the local police that Adkins was using drugs and selling drugs from their home. She said that, during an argument the day before, he refused her request that he go into drug treatment and told her that "he had always sold drugs, he was good at it, and he was going to continue doing it." Barbara Adkins said she then told Adkins he would have to leave the house. Adkins refused to leave and began taking his guns and shells from the gun cabinet. His wife asked for fifteen minutes to collect her belongings, to which Adkins agreed. As she packed, he told her that some people would kill her in return for a little crack, suggested that she should blow her own head off, and then said, "[O]n second thought, I'll just blow your head off." Adkins threw his wife's cellular phone at her before she left. Barbara Adkins also told investigators that Adkins had threatened to kill her and her mother if she went to the police, and said he would shoot the police if they came to the house. Adkins cooperated with the officers who went to his house and handed over to them 4.5 grams of marijuana and two firearms. Investigators later learned that Adkins had purchased two additional firearms and pawned them. While on pre-trial release before his guilty plea, Adkins tested positive for use of cocaine, marijuana, and methamphetamine. His bond was revoked.

In sentencing Adkins, the district court added a four-level enhancement for possession of a firearm in connection with another felony offense pursuant to USSG § 2K2.1(b)(5), having concluded that Adkins' threat to shoot his wife and her mother if she brought the police to the house to stop his drug activity amounted to obstruction of justice.* The defendant need not have been charged with or convicted of the other offense for the enhancement to apply. USSG § 2K1.2, comment. (n.7). At the sentencing hearing, Adkins' wife testified on his behalf that he had threatened to shoot her and the police simply because he did not want to leave his house or be forced out of it and that his threats were not connected to her conversation with him about his drug activity. However, the court found that her statements to the police immediately following the incident were more reliable than her testimony.

Adkins argues that his threats were not intended to prevent his wife from reporting his illegal activity and thus did not constitute obstruction of justice. The district court found that Adkins' threats were intended to forestall her from obtaining the assistance of the police to put an end to his drug sales at their house. We review the court's factual finding for clear error. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). Although Adkins' wife did not warn him that she would disclose his drug dealing to the police if he continued with it, his involvement with drugs was the cause of their argument. It was a reasonable inference on the part of the court that Adkins intended to intimidate his wife and, thereby, to ensure that she would not go to the police for fear of the consequences. Therefore, we conclude that the district court did not clearly err in finding that Adkins' threats to his wife related to his drug dealing and constituted obstruction of justice, and that he thus possessed a firearm in connection with another felony offense.

---

*Title 18 U.S.C.A. § 1512(a)(2)(C), (b)(3) (West Supp. 2003), makes it a felony to use physical force or the threat of physical force with intent to "hinder, delay, or prevent the communication to a law enforcement officer . . . of information relating to the commission . . . of a Federal offense . . . ." and similarly penalizes the knowing use of intimidation or threats to hinder, delay or prevent the communication of information about a federal offense.

Adkins next contends that the district court erred in denying him an adjustment for acceptance of responsibility based on his drug use while on pre-trial release because his conduct did not relate to the offense of conviction. The defendant has the burden of proof with respect to acceptance of responsibility, *United States v. Harris*, 882 F.2d 902, 907 (4th Cir. 1989), and the district court's determination is reviewed for clear error. *United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999). Application Note 1(b) to § 3E1.1 states that the court may consider whether the defendant has voluntarily withdrawn "from criminal conduct or associations" without making an exception for criminal conduct that is different from the offense of conviction. This court has held that a defendant's continued use or sale of drugs after conviction may be a basis for denial of acceptance of responsibility. *United States v. Kidd*, 12 F.3d 30, 34 (4th Cir. 1993); *United States v. Underwood*, 970 F.2d 1336, 1339 (4th Cir. 1992).

Adkins relies on *United States v. Morrison*, 983 F.2d 730, 733-35 (6th Cir. 1993) (holding that adjustment may be denied based on criminal conduct committed after indictment but before sentencing only if the conduct is related or similar to the offense of conviction). However, other circuits have held that the adjustment may be denied based on criminal conduct unrelated to the offense of conviction. *See United States v. Prince*, 204 F.3d 1021, 1023-24 (10th Cir. 2000); *United States v. Ceccarani*, 98 F.3d 126, 130-31 (3d Cir. 1996); *United States v. Byrd*, 76 F.3d 194, 197 (8th Cir. 1996); *United States v. McDonald*, 22 F.3d 139, 144 (7th Cir. 1994); *United States v. Pace*, 17 F.3d 341, 343 (11th Cir. 1994); *United States v. O'Neil*, 936 F.2d 599, 600-01 (1st Cir. 1991); *United States v. Watkins*, 911 F.2d 983, 984 (5th Cir. 1990). The weight of authority indicates that the district court did not clearly err in basing its decision on criminal conduct that was different from Adkins' offense of conviction.

Adkins also contends that a single failed drug test is insufficient reason to deny him the adjustment. Without endorsing this view, we note that Adkins used multiple drugs while on release. Moreover, the district court observed that Adkins had defended his use of drugs to his wife and concluded that Adkins' continued use of drugs in violation of the conditions of release showed that his attitude had not changed following his arrest. We cannot say that the district court clearly erred in denying Adkins the adjustment.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*