**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 04-4096

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

SEAN CHRISTOPHER SHIVERS,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.   David A. Faber, Chief
District Judge. (CR-03-200)

———————

Submitted:  July 29, 2005          Decided:  August 22, 2005

———————

Before LUTTIG and MICHAEL, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Mark L. French, Troy N. Giatras, GIATRAS & WEBB, Charleston, West
Virginia, for Appellant.   Kasey Warner, United States Attorney,
John L. File, Assistant United States Attorney, Beckley, West
Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Sean Christopher Shivers appeals the fifty-one-month sentence he received after his guilty plea to aiding and abetting distribution of a quantity of cocaine base (crack), 21 U.S.C. § 841 (2000). Shivers raises two issues on appeal: (1) whether the district court clearly erred in denying him an adjustment for acceptance of responsibility because he was charged with domestic battery while awaiting sentencing, U.S. Sentencing Guidelines Manual § 3E1.1 (2003), and (2) whether, under Blakely v. Washington, 542 U.S. 296 (2004), the district court's determination of the drug amount violated the Sixth Amendment and requires resentencing. For the reasons explained below, we affirm.

Shivers and co-defendant Andre Charlton were arrested immediately after Charlton sold crack to a confidential informant. Law enforcement officers seized a total of 9.68 grams of crack, which was the quantity sold to the confidential informant plus a small amount in Charlton's possession. In a statement made to law enforcement officers during his arrest, Shivers admitted that he obtained what he believed to be a half-ounce of crack (14.175 grams) and gave it to Charlton, who sold it to the confidential informant. After his guilty plea, Shivers repeated this statement to the probation officer in the presence of his lawyer. Shivers did not contest the drug quantity at sentencing; he objected only to the probation officer's refusal to recommend a minor role

adjustment under USSG § 3B1.2, or a reduction for acceptance of responsibility.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that Blakely applied to the federal sentencing guidelines and that the mandatory guidelines scheme that provided for sentence enhancements based on facts found by the court violated the Sixth Amendment. Booker, 125 S. Ct. at 746-48, 755-56. The Court remedied the constitutional violation by severing and excising the statutory provisions that mandate sentencing and appellate review under the guidelines, thus making the guidelines advisory. Id. at 756-57.

Subsequently, in United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005), this court held that a sentence that was imposed under the pre-Booker mandatory sentencing scheme and was enhanced based on facts found by the court, not by a jury or admitted by the defendant, constitutes plain error that affects the defendant's substantial rights and warrants reversal under Booker when the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme. Hughes, 401 F.3d at 546-56.

Shivers contends that, because he did not admit in open court the drug quantity used by the district court to calculate his offense level, the court's adoption of the base offense level recommended in the presentence report violated the Sixth

Amendment.[1]  Because Shivers neither contested the calculation of his base offense level nor raised a Sixth Amendment challenge at sentencing, our review is for plain error.  United States v. Olano, 507 U.S. 725, 732 (1993); Hughes, 401 F.3d at 547.  Under the plain error standard, Shivers must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732-34.  Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Hughes, 401 F.3d at 555 (internal quotation marks omitted).

Because Shivers admitted the relevant quantity of crack and did not contest the calculation of his base offense level based on that amount, we conclude that no Sixth Amendment violation occurred and the district court did not err in adopting the base offense level recommended in the presentence report.  Moreover, even if the district court's adoption of the recommended quantity of crack constituted judicial fact-finding that increased the sentence and amounted to plain error, we will not exercise our discretion to notice the error.  United States v. Cotton, 535 U.S. 625, 633 (2002) (holding that sentence exceeding maximum authorized

_____

[1]Shivers asserts that his base offense level should be 12, USSG § 2D1.1(c)(14) (less than 250 mg of crack), further reduced to 10 under § 2D1.1(b)(6) (safety valve), and his guideline range should be 6-12 months.

- 4 -

by facts alleged in the indictment would not be vacated on plain error review because evidence supporting judge-found facts on which sentence was based was "overwhelming" and "essentially uncontroverted").[2]

We review the district court's determination that Shivers had not accepted responsibility for clear error. <u>United States v. Kise</u>, 369 F.3d 766, 771 (4th Cir. 2004). One of the factors the court may consider is whether the defendant has voluntarily terminated or withdrawn from criminal conduct. USSG § 3E1.1, comment. (n.1(b)). Shivers disputes the court's decision to deny him the adjustment because of unrelated criminal conduct. However, he acknowledges that most circuits to address the issue hold that a sentencing court does not clearly err if it chooses to deny an adjustment for acceptance of responsibility based on commission of criminal conduct that is different from the crime to which the defendant pled guilty. <u>See</u> <u>United States v. Prince</u>, 204 F.3d 1021, 1023-24 (10th Cir. 2000); <u>United States v. Ceccarani</u>, 98 F.3d 126, 130-31 (3d Cir. 1996); <u>United States v. Byrd</u>, 76 F.3d 194, 197 (8th Cir. 1996); <u>United States v. McDonald</u>, 22 F.3d 139, 144 (7th Cir. 1994); <u>United States v. Pace</u>, 17 F.3d 341, 343 (11th Cir. 1994);

_____

[2]Shivers does not claim that the district court erred in failing to treat the guidelines as advisory and, in any event, cannot satisfy the standard set out by this court in <u>United States v. White</u>, 405 F.3d 208 (4th Cir. 2005), requiring an appellant to demonstrate actual prejudice from the application of the mandatory guideline scheme. <u>Id.</u> at 217-24.

- 5 -

United States v. O'Neill, 936 F.2d 599, 600-01 (1st Cir. 1991); United States v. Watkins, 911 F.2d 983, 984 (5th Cir. 1990); but see United States v. Morrison, 983 F.2d 730, 733-35 (6th Cir. 1993) (holding that new unrelated criminal conduct should not be considered). In light of these authorities, we are persuaded that the district court did not clearly err in determining that Shivers was not entitled to a reduction for acceptance of responsibility.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED