**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-5110**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

ERIC LOUIE ALLEN, JR.,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:07-cr-00034-NCT-2)

———————

Submitted:  July 22, 2008        Decided:  August 11, 2008

———————

Before WILKINSON and TRAXLER, Circuit Judges, and WILKINS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Louie Allen, Jr., pled guilty to conspiracy to distribute 500 grams or more of cocaine hydrochloride (Count 1) and was sentenced to eighty-five months of imprisonment, below his advisory Sentencing Guidelines range of 97-121 months. On appeal, Allen argues that the district court erred by denying him a reduction for acceptance of responsibility, under U.S. Sentencing Guidelines Manual ("USSG") § 3E1.1 (2006), because he twice tested positive for marijuana use while on release--once prior to his guilty plea and once prior to sentencing. For the reasons that follow, we affirm.

We review the district court's determination that Allen failed to accept responsibility for clear error. United States v. Kise, 369 F.3d 766, 771 (4th Cir. 2004). One of the factors the court may consider is whether the defendant has voluntarily terminated or withdrawn from criminal conduct. USSG § 3E1.1, comment. (n.1(b)). Allen disputes the district court's decision to deny him the adjustment because of what he argues is unrelated criminal conduct. He asks this court to follow the Sixth Circuit's reasoning in United States v. Morrison, 983 F.2d 730, 733-35 (6th Cir. 1993) (holding that new unrelated criminal conduct should not be considered). Most appellate courts to consider this argument, however, have held that a sentencing court does not clearly err if it chooses to deny an adjustment for acceptance of responsibility

based on commission of criminal conduct that is different from the crime to which the defendant pled guilty.   See United States v. Prince, 204 F.3d 1021, 1023-24 (10th Cir. 2000); United States v. Ceccarani, 98 F.3d 126, 130-31 (3d Cir. 1996); United States v. Byrd, 76 F.3d 194, 197 (8th Cir. 1996); United States v. McDonald, 22 F.3d 139, 144 (7th Cir. 1994); United States v. Pace, 17 F.3d 341, 343 (11th Cir. 1994); United States v. O'Neil, 936 F.2d 599, 600-01 (1st Cir. 1991); United States v. Watkins, 911 F.2d 983, 984 (5th Cir. 1990).  In light of these authorities, we are persuaded that the district court did not clearly err in determining that Allen was not entitled to a reduction for acceptance of responsibility.

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED