**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4153**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JONATHAN W. SAVAGE,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, Senior District Judge. (3:13-cr-00688-CMC-1)

---

Submitted: July 21, 2014        Decided: August 4, 2014

---

Before SHEDD and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

James P. Rogers, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, T. DeWayne Pearson, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan W. Savage pleaded guilty to one count of making, forging and counterfeiting United States currency, in violation of 18 U.S.C. § 471 (2012). Savage contends that the district court erred by not giving him credit under the Sentencing Guidelines for acceptance of responsibility. We affirm.

The determination of whether a defendant is deserving of an acceptance of responsibility adjustment is a factual issue and thus reviewed for clear error. United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, and thus . . . the determination of the sentencing judge is entitled to great deference on review." Elliott v. United States, 332 F.3d 753, 761 (4th Cir. 2003) (internal quotations and brackets omitted). We will reverse the district court's finding only when "left with the definite and firm conviction that a mistake has been committed." Dugger, 485 F.3d at 239 (internal quotation marks omitted).

Section 3E1.1 of the Guidelines Manual provides for a two-level reduction for a defendant who "'clearly demonstrates acceptance of responsibility for his offense.'" United States v. Jeffery, 631 F.3d 669, 678 (4th Cir. 2011) (quoting USSG § 3E1.1(a)). To merit this reduction, the defendant must

2

establish by a preponderance of the evidence "that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996). The Guidelines note that in considering this adjustment, the district court should look at whether the defendant voluntarily terminated or withdrew from criminal conduct and whether the defendant engaged in post-offense rehabilitative efforts, among other factors. See U.S. Sentencing Guidelines Manual § 3E1.1, application notes 1(B), (G); see also Dugger, 485 F.3d at 240 (a court may look for a clear demonstration of acceptance of responsibility by voluntary termination of or withdrawal from criminal conduct). Evidence of continued drug use after indictment but before a guilty plea may support the district court's decision to deny an acceptance of responsibility enhancement. See United States v. Underwood, 970 F.2d 1336, 1338-39 (4th Cir. 1992). Even criminal conduct unrelated to the charged criminal conduct may support a finding that the defendant has not accepted responsibility. United States v. Arellano, 291 F.3d 1032, 1034-35 (8th Cir. 2002); see also United States v. Prince, 204 F.3d 1021, 1023 (10th Cir. 2000); United States v. Ceccarani, 98 F.3d 126, 130 (3d Cir. 1996).

We conclude that the district court's decision not to give Savage credit for acceptance of responsibility was not

3

clearly erroneous.  Accordingly, we affirm the judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED