**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4574**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

PURAN HARISH PHULWANI,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:15-cr-00369-TDS-1)

———————

Submitted:  March 14, 2017          Decided:  March 16, 2017

———————

Before FLOYD and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Brian Michael Aus, BRIAN AUS, ATTORNEY AT LAW, Durham, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Graham T. Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Puran Harish Phulwani pled guilty to two counts of communicating threats, in violation of 18 U.S.C. § 876(c) (2012). The district court sentenced him to 44 months in prison as to each count, to be served concurrently. Phulwani argues on appeal that the district court erred in denying him a reduction in offense level for acceptance of responsibility pursuant to U.S. Sentencing Guidelines Manual § 3E1.1 (2015), and that the district court erred by declining to impose a downward departure or variance based on his mental health issues. We affirm.

This court reviews a district court's decision to deny an acceptance of responsibility adjustment for clear error. United States v. Ruhe, 191 F.3d 376, 388 (4th Cir. 1999). A defendant's postindictment criminal conduct may be sufficient justification for a district court's finding that the defendant has not fully accepted responsibility for his criminal behavior, United States v. Kidd, 12 F.3d 30, 34 (4th Cir. 1993), even where the underlying offense involves dissimilar conduct, United States v. Shivers, 146 Fed. Appx. 609, 611-12 (4th Cir. 2005). We have reviewed the briefs and materials submitted in the joint appendix and find no clear error in the district court's decision to deny Phulwani a reduction in offense level for acceptance of responsibility based on his postindictment conduct.

Phulwani also contends that the district court erred by declining to impose a downward departure or a downward variant sentence in light of his mental health issues. We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We presume that a sentence within a properly calculated advisory Guidelines range is reasonable, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

The district court considered Phulwani's request for a 24-month variant sentence in light of his mental health issues, but concluded that his lengthy criminal history, the need for deterrence, and the need to protect the public warranted a 44-month sentence. Phulwani has not overcome the presumption that the district court's decision to deny his variance request and impose a within-Guidelines sentence was reasonable. See Louthian, 756 F.3d at 306.

Insofar as Phulwani seeks review of the district court's decision not to depart downward in sentencing him, we "lack the authority to review a sentencing court's denial of a downward departure," as the record does not suggest that "the court failed

3

to understand its authority to do so." <u>United States v. Hackley</u>, 662 F.3d 671, 686 (4th Cir. 2011) (internal quotation marks omitted). Accordingly, we affirm Phulwani's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>