FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 5, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRIAN LEE DOWNING,

    Defendant - Appellant.

No. 17-6058
(D.C. No. 5:16-CR-00171-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Brian Lee Downing appeals his 20-year sentence for bank robbery, arguing that the district court erred by (1) denying his request for a downward adjustment based on acceptance of responsibility; and (2) imposing a substantively unreasonable sentence. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

**BACKGROUND**

In August 2016, Downing entered an Oklahoma City bank, approached a teller's window, and presented a note that read: "GIVE ME ALL ThE Money NO DIE Packs

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

NOW." R., Vol. II at 6 (internal quotation marks omitted). The teller saw the word "DIE" on the note and feared "something bad would happen." *Id.* Downing ordered her to "not hit the [robbery] button" and to "hurry" with the money. *Id.* (internal quotation marks omitted). She handed Downing $4,105 and he ran from the bank.

Downing was arrested a week later. He pled guilty without a plea agreement on September 16. While detained in the Grady County Jail awaiting sentencing, Downing was caught conspiring with his wife and mother to smuggle drugs and contraband into the jail. The items included cigarettes, a lighter, a syringe, and 50 hydromorphone pills.

A U.S. Probation Officer prepared a presentence investigation report (PSR), identifying Downing as a career offender and assigning an offense level of 32 to the robbery. *See* U.S. Sentencing Guidelines Manual (USSG) § 4B1.1(b)(3) (U.S. Sentencing Comm'n 2015). The probation officer declined to adjust that level downward for a § 3E1.1 acceptance of responsibility, stating that despite Downing's admission to the robbery in his plea-agreement petition, Downing had "continued to engage in criminal activity" by conspiring to smuggle drugs and contraband into the jail. R., Vol. II at 7. Further, the probation officer noted that as a career offender, Downing's criminal history fell within category VI. *See* USSG § 4B1.1(b). Thus, with an offense level of 32 and a category VI criminal history, the Guidelines indicated a 210 to 262 months' sentence. *See id.* Ch. 5 Pt. A. But given the 20-year statutory maximum sentence for bank robbery, *see* 18 U.S.C. § 2113(a), the applicable guideline range became 210 to 240 months, *see* USSG § 5G1.1(c)(1).

2

Downing objected to the PSR, arguing, among other things, that he qualified for an acceptance-of-responsibility adjustment, lowering his offense level to 29 and providing a sentencing range of 151 to 188 months. He reasoned that his speedy plea to an information rather than an indictment conserved government and judicial resources. As for his criminal activity in jail, Downing explained that it merely "reflect[ed] his addiction to painkiller medications." R., Vol. II at 41. The PSR's author concluded that Downing did not qualify for an adjustment, as he had not withdrawn from criminal conduct even after pleading guilty.

At sentencing, the district court agreed that an acceptance-of-responsibility adjustment was unwarranted. Further, the district court concluded that a sentence at the highest end of the advisory guidelines range was appropriate, given Downing's "lifetime criminal history," R., Vol. III at 14, which included numerous felony convictions. Accordingly, the district court sentenced Downing to 240-months' imprisonment (concurrent to a separate 24-month sentence for unlawfully possessing both a firearm and drug-manufacturing equipment).

Downing now appeals.

## DISCUSSION

### I. Acceptance of Responsibility

The sentencing guidelines allow a two-level reduction in the applicable offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." USSG § 3E1.1(a). "Determination of acceptance of responsibility is a question of fact reviewed under a clearly erroneous standard." *United States v. Gauvin*, 173 F.3d

3

798, 805 (10th Cir. 1999).  Accordingly, we will reverse only if "we are left with the definite and firm conviction that a mistake has been committed." *United States v. Battles*, 745 F.3d 436, 458 (10th Cir. 2014) (brackets and internal quotation marks omitted).

The district court declined to reduce Downing's offense level because he had conspired to import drugs and contraband into the jail.  Although that conduct is unrelated to the crime for which he accepted responsibility—bank robbery—it nevertheless may be considered.  The application notes for § 3E1.1(a) refer generally to the "voluntary termination or withdrawal from criminal conduct or associations."  USSG § 3E1.1, cmt. n.1(B).  And even post-offense unrelated criminal conduct "reflects the defendant's lack of remorse and is inconsistent with an acceptance of responsibility." *United States v. McDonald*, 22 F.3d 139, 144 (7th Cir. 1994).  Thus, the district court properly considered Downing's conduct in conspiring to smuggle drugs and contraband into the jail. *See United States v. Prince*, 204 F.3d 1021, 1023-24 (10th Cir. 2000) (concluding that the defendant's attack on a fellow prisoner while awaiting sentencing for bank robbery could be considered in assessing acceptance of responsibility).

Further, the district court did not clearly err in determining that Downing had not met his burden to show his entitlement to a § 3E1.1(a) adjustment. *See Battles*, 745 F.3d at 458 (requiring a defendant to prove his entitlement to an acceptance-of-responsibility adjustment by a preponderance of the evidence).  Downing merely claimed that his drug addiction caused his continued criminal conduct.  But that claim neither reflects

4

contrition nor excuses his attempt to smuggle drugs and contraband into the jail.

Consequently, the district court properly declined to apply the adjustment.

## II. Substantive Reasonableness of Downing's Sentence

"Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Craig*, 808 F.3d 1249, 1261 (10th Cir. 2015) (internal quotation marks omitted). "[W]e review a sentence for substantive reasonableness under a deferential abuse-of-discretion standard." *Id.* (internal quotation marks omitted). Where, as here, the defendant is sentenced within the range provided by the guidelines, substantive reasonableness is presumed. *See id.*

Downing argues that his 20-year sentence is unwarranted. He maintains that the robbery was "out-of-character" and "was undertaken in the mildest manner possible." Aplt. Opening Br. at 16, 18. Further, he contends "he does not have a violent nature" and "[h]is criminal history revolved around substance use." *Id.* at 16, 18. The record, however, paints a different picture.

First, as to the robbery, the teller reported that Downing's actions led her to believe "that if she did not get the money to [him] fast enough, something bad would happen." R., Vol. II at 6. Bank robberies are, by definition, not mild crimes. *See* 18 U.S.C. § 2113(a) (defining the crime as, among other things, taking a bank's money from a person by using "force and violence, or . . . intimidation").

Second, the robbery is consistent with Downing's criminal character. For instance, in 2001, Downing was charged with assault and battery after driving his car "in

5

a reckless and dangerous manner toward[ ]" a narcotics agent attempting to arrest Downing on felony warrants. R., Vol. II at 23. And when Downing committed the instant robbery, he was awaiting trial on assault-and-battery charges for a stabbing. Further, Downing's criminal drug history includes not just using drugs, but also manufacturing them.

Under these circumstances, we conclude that the district court did not abuse its discretion in sentencing Downing to the uppermost portion of the applicable guidelines range.

Affirmed.

Entered for the Court


Nancy L. Moritz
Circuit Judge

6