NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 19-1459

---

UNITED STATES OF AMERICA

v.

JOSE RAMON DE LEON-PINEDA,

Appellant

---

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 3-17-cr-00076-001)
District Judge: Honorable Robert D. Mariani

---

Submitted Under Third Circuit L.A.R. 34.1(a)
September 21, 2020

Before: AMBRO, PORTER, and ROTH, Circuit Judges

(Opinion filed February 11, 2021)

OPINION[*]

AMBRO, Circuit Judge

Appellant Jose Ramon DeLeon-Pineda challenges his sentence based on the District Court's denial of a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 and substantive unreasonableness. For the reasons stated below, we affirm.

**I. Factual and Procedural Background**

In June 2018, DeLeon-Pineda entered into a plea agreement with the Government and ultimately pled guilty to distribution and possession of 100 grams or more of heroin, and 28 grams or more of crack cocaine, and to possession with intent to distribute an amount of heroin, cocaine, and crack equivalent to at least 100 but less than 400 kilograms of marijuana.

His guilty plea was based on the following factual allegations. From about June 2016 to March 2017, federal agents and officers made controlled purchases of heroin supplied by DeLeon-Pineda and eventually obtained probable cause for a Title III wiretap against him. Intercepted calls established he was obtaining supplies of heroin and redistributing via a network of street dealers, runners, and addicts. He set prices, arranged for deliveries (which he made personally or directed a subordinate to make), and

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

collected payments. He directed co-conspirators as to where and what drugs to deliver, obtained drugs from multiple suppliers, and "cook[ed]" powder cocaine into cocaine base, or crack. App. 61–62.

DeLeon-Pineda had no employment during the period charged in the indictment, kept a "stash house" (a separate residence where he did not reside, for the purpose of storing drugs, money, and a firearm), employed several individuals with addiction issues to further his drug-trafficking activities, and specifically targeted heroin addicts for his drug sales.

The investigation also uncovered violent and threatening conduct by DeLeon-Pineda. He told an unindicted co-conspirator that he would be late with a payment because he, Pineda, had shot an unidentified Puerto Rican individual and was waiting for the "waters to settle." The Drug Enforcement Agency ("DEA") confirmed that local police officials had investigated reports of a shooting that occurred shortly before that intercepted call at a local restaurant. Additionally, in one instance DeLeon-Pineda demanded payments from a co-conspirator, and he told others that he had a gun and would shoot the co-conspirator at their next meeting if he did not pay in time.

In July 2018, less than a month after pleading guilty, DeLeon-Pineda and five other inmates at the county prison assaulted another prisoner by punching and kicking him after he was tackled. DeLeon-Pineda was placed in restricted housing as a result of the attack. No criminal charges were filed against the participants of the fight.

The Sentencing Guidelines range for DeLeon-Pineda was 188 to 235 months. At the sentencing hearing, DeLeon-Pineda objected to the Guidelines calculation on

numerous grounds, including specifically the denial of acceptance of responsibility points and the cumulative effect of the many enhancements applied, among others, for his leadership role and possession of a firearm in connection with his drug dealing. The District Court denied the three-level adjustment for acceptance of responsibility because of the inmate fight and applied all the enhancements recommended by the Presentence Report, finding that the Guidelines allowed for duplicative and cumulative enhancements. The Court ultimately imposed a sentence of 188 months in prison, to be followed by four years of supervised release.

## II. Analysis[1]

### A. Acceptance of Responsibility Reduction

We review for clear error the District Court's factual determination of whether DeLeon-Pineda was entitled to an acceptance-of-responsibility reduction in his sentence. *United States v. DeLeon-Rodriguez*, 70 F.3d 764, 767 (3d Cir. 1995). Whether the Court correctly interpreted U.S.S.G. § 3E1.1 is a legal question subject to *de novo* review. *United States v. Frierson*, 945 F.2d 650, 655 (3d Cir. 1991).

DeLeon-Pineda has the burden of establishing by a preponderance of the evidence that he is entitled to an offense level reduction for acceptance of responsibility. *See United States v. Boone*, 279 F.3d 163, 193 (3d Cir. 2002). Section 3E1.1(a) of the Sentencing Guidelines states: "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by [two] levels." U.S.S.G.

[1] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

§ 3E1.1(a). The Commentary gives numerous factors that a district court may consider in determining whether a defendant has demonstrated an acceptance of responsibility under § 3E1.1. One is "(B) voluntary termination or withdrawal from criminal conduct or associations[.]" U.S.S.G. § 3E1.1 Application Note 1(B).

We have previously held that "a plea of guilty is not dispositive as to the defendant's acceptance of responsibility," *United States v. Singh*, 923 F.2d 1039, 1043 (3d Cir. 1991), and that "the Guidelines make clear that a guilty plea does not carry with it an automatic entitlement to credit for acceptance of responsibility." *United States v. Bennett*, 161 F.3d 171, 197 (3d Cir. 1998). It "may constitute evidence of acceptance of responsibility, but the sentencing court [is] free to consider other evidence that is inconsistent with acceptance of responsibility[.]" *Id.* "A guilty plea in acceptance of responsibility may be outweighed by conduct that is inconsistent with such acceptance." *United States v. Ceccarani*, 98 F.3d 126, 130 (3d Cir. 1996); *see also* U.S.S.G. § 3E1.1, cmt. n.3.

Here, the only evidence that DeLeon-Pineda accepted responsibility is that he entered a guilty plea. He presented no other evidence before the District Court. It conducted a fact-specific assessment and weighed the dearth of evidence presented by DeLeon-Pineda against the evidence of the prison fight. After considering reports about the fight filed by several officers, the Court articulated several factual findings explaining its decision to deny the application of the Section 3E1.1 reduction.

The Court first concluded that the prison incident was not a "fight," but an "ambush," because it did not involve a one-on-one fight between two inmates. App. 108.

It stated that in such a case it would have ruled differently. The circumstances here indicated that DeLeon-Pineda was engaged in criminal association with others and agreed with them to carry out an assault. The Court considered this to be evidence that he had not accepted responsibility for his crimes. Second, the Court found that the attack was evidence that DeLeon-Pineda had not abandoned his propensity for violence. It noted that if DeLeon-Pineda's "involvement with the sale of drugs was non-violent, I would take that into consideration, but the facts are . . . there is violence interwoven with the crimes . . . . I must take that into account here in determining whether there was genuine remorse . . . ." App. 110–11. The Court cited to the portions of the record detailing how DeLeon-Pineda possessed and carried a firearm while trafficking drugs, admitted in a recorded conversation that he shot someone, and threatened to shoot a subordinate who owed him a drug debt.

The District Court did not clearly err in finding that any demonstration of acceptance of responsibility inherent in DeLeon-Pineda's guilty plea was outweighed by the violent assault he engaged in with others while awaiting sentencing. It was not required to base its holding on any subsequent criminal charges, but only had to consider whether DeLeon-Pineda engaged in conduct inconsistent with acceptance of responsibility. *Ceccarini*, 98 F.3d at 130. The Court relied on persuasive case law from our sister circuits that violent conduct while in custody awaiting sentencing is inconsistent with acceptance of responsibility. *See, e.g.*, *United States v. Prince*, 204 F.3d 1021, 1023–24 (10th Cir. 2000) (holding that a defendant's attack on a fellow prisoner while awaiting sentencing for bank robbery could be considered in assessing

acceptance of responsibility). Accordingly, we affirm the District Court's denial of the acceptance-of-responsibility reduction.

**B. Substantive Unreasonableness**

We review sentences for substantive reasonableness under an abuse of discretion standard, *see Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (*en banc*), and "affirm a procedurally sound sentence as substantively reasonable unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Handerhan*, 739 F.3d 114, 124 (3d Cir. 2014) (internal quotation marks omitted). We may presume that a sentence within the advisory Guidelines is reasonable. *Rita v. United States*, 551 U.S. 338, 364 (2007); *Handerhan*, 739 F.3d at 124.

DeLeon-Pineda does not allege any procedural deficiency in his sentencing. We explain above why his argument regarding the reduction for acceptance of responsibility fails. His only other arguments are that the District Court unfairly applied multiple enhancements and did not properly consider mitigating factors. He broadly argues that the nature of his offense cannot justify the sentence and that the length is unduly punitive. These arguments also fail.

First, although DeLeon-Pineda contends that the enhancements the Court applied unfairly "overlap," he does not argue that any of the enhancements were unsupported a preponderance of evidence, and he does not point us to any case law (and we are aware of none) suggesting that these specific enhancements may not be applied together. DeLeon-Pineda Br. 28. We see no error in the District Court's Guidelines calculations. DeLeon-

Pineda was responsible for the distribution and possession with intent to distribute of over 100 grams of heroin and over 28 grams of cocaine base, or crack, and 49 grams of cocaine, resulting in a base offense level of 24. He organized and led the operation, resulting in an increase of four levels. He possessed a firearm that had a nexus to his drug trafficking, resulting in an increase of two levels. He employed violence, resulting in a two-level increase. He maintained a separate residence where he stored drugs, money, and at least one gun, also resulting in a two-level increase. Finally, he had no legitimate income, but made his entire livelihood from his criminal activity, resulting in a two-level increase. We fail to see how any of these enhancements are duplicative. The possession of the firearm and the use of and threat of violence are different and separate conduct. And a leadership-role enhancement does not capture conduct involving the maintenance of a stash house, nor does either of those enhancements capture making a criminal livelihood, and so they are not unfairly duplicative. Indeed, the livelihood enhancement under U.S.S.G. § 2D1.1(b)(15)(E) cannot apply unless the defendant also receives the leadership-role enhancement.

Second, despite DeLeon-Pineda's argument to the contrary, the District Court did indeed consider the mitigating factors that this was his first offense and that he faced deportation after serving his sentence. The Court listed the mitigating factors and still found that "the evidence is substantial and compelling that the Defendant made his living by leading a drug distribution conspiracy that involved his use of firearms, violence and a stash house as the leader of five or more others engaged in criminal activity at his direction." App. 126. The Court also considered the § 3553(a) factors but nonetheless

exercised discretion in imposing a sentence at the bottom of the Guidelines range. That it did not vary downward because of the mitigating factors does not make the sentence unreasonable. *See United States v. Lessner*, 498 F.3d 185, 204–205 (3d Cir. 2007). DeLeon-Pineda's sentence is thus not substantively unreasonable.

* * * * *

Accordingly, we affirm the District Court's denial of a reduction for acceptance of responsibility and hold that DeLeon-Pineda's sentence was not substantively unreasonable.